## WM. LOWE *et al.* v. STATE.

### No. A-959.   Opinion Filed March 5, 1912.

#### (121 Pac. 793.)

1. **APPEAL—Continuance—Review.** An application for a continuance is addressed to the sound discretion of the trial court, and unless an abuse of this discretion is shown, a judgment will not be reversed on appeal.

2. **INDICTMENT AND INFORMATION — Amendment — When Allowed.** Under Comp. Laws 1909, sec. 6645, relating to amendments of informations, an amended information may be filed at any time prior to the time the case is actually put on trial, and if done before accused is arraigned and pleads it may be done without permission of the court, but if accused has pleaded the permission of the court must be had.

(Syllabus by the Court.)

*Appeal from District Court, Caddo County;*
*Frank M. Bailey, Judge.*

William Lowe and Washeen Robinson were convicted of larceny, and appeal.   Affirmed.

*Robinson & Johnston,* for plaintiffs in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

FURMAN, P. J. There are three assignments of error urged for reversal of this cause. The first is that the court erred in overruling the motion for continuance on the ground of the absence of certain material witnesses.

An application for continuance is addressed to the sound discretion of the trial court, and unless there has been an abuse of this discretion, amounting to a practical denial of justice, a judgment of conviction will not be reversed on appeal. The witnesses were on bond for appearance at the trial. The subpoenas were issued about eight days before the case was called. Appellants made no showing to the effect that they would be able to produce the witnesses if the continuance had been allowed. No attachment was asked, and the exact whereabouts of the witnesses is not disclosed. If this record disclosed the fact that the whereabouts of these witnesses had been made known to the sheriff, and through any fault of the officer service had not been had, the appellants might be in some attitude to complain. The showing on the application discloses no diligence whatever; a mere formal application for subpoena being all the record discloses. The application for continuance was properly overruled.

It is next objected that the court erred in permitting the county attorney to file an amended information. Counsel argue at length in their brief that the court erred in permitting the information to be amended after the jury had been impaneled and sworn, and after testimony had been introduced on the part of the state. This was error, and if the rights of the accused had been in any manner prejudiced thereby the judgment of conviction would have to be reversed. But there was no showing offered, and no contention made at the time this permission was given, that the rights of the accused were materially affected thereby. The county attorney was permitted to strike out one name from his information. The proof in the record would

clearly sustain a conviction under the allegations as originally made in the information, and just as clearly sustain the conviction on the amended information. It would ·be a miscarriage of justice to reverse this action, when it so clearly appears that no injury did result or could have resulted. We do not think that an information should be amended after the jury has been sworn and the testimony introduced; but, in order for such an objection to avail, it must clearly appear from the record that such proceeding was had, and that injury resulted, or could have reasonably resulted from such action.

Section 6645, Comp. Laws 1909, provides that:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

This section of the statute, in our judgment, contemplates the filing of amended informations prior to the time the case is actually put on trial. If it is amended before the accused is arraigned and pleads it can be done without the permission of the court, and if after the accused has entered a plea then the permission of the court must be had. In this case, however, the amendment complained of did not affect the validity of the information in any sense. It charged the same offense before as it did after the amendment.

It is next urged that the court erred in overruling the demurrer of the appellants to the proof introduced on the part of the state. This assignment is based upon the contention that there is a variance between the allegation of ownership as alleged in the information and the proof on behalf of the state. The demurrer was properly overruled. Under out statute the proof was sufficient to sustain the conviction upon the allegations of the information.

The judgment of the trial court is affirmed.

ARMSTRONG and DOYLE, JJ., concur.