## J. C. WILBORN v. STATE.

No. A-3987. Opinion Filed Aug. 14, 1923.
Rehearing Denied April 7, 1924.
(224 Pac. 214.)

(Syllabus.)

1. **Forgery—Uttering Forged Note, Held in Violation of Statute— Allegations of Sale and Offer to Sell Forged Note Held Sufficient.** The uttering of a forged promissory note and its disposal to a bank for the purpose of satisfying a former obligation of the accused under the circumstances here was in violation of section 2078, Comp. Stat. 1921, making it an offense for "any person who sells, exchanges, or delivers for any consideration any forged or counterfeited note," etc., and the allegations in the information that a sale and offer to sell were made were sufficient.

2. **Same—No Variance Between "Hoffert" and "Hoffrt."** There was no variance between the allegations and the proof because the name of the injured party was spelled "Hoffert" in information while the signature to the note was shown to be "Hoffrt."

3. **Same—Sufficient Proof of Fraudulent Motive—False Pretense Distinguished.** An intent to cheat or defraud is one of the elements of forgery, but under this statute it is sufficient to allege and prove as a fraudulent motive that there was some consideration or advantage inuring to the benefit of the accused. The state need not go further to show that there was an intent to cheat the aggrieved person out of the specific amount named in the spurious note.

    (a) The rule distinguished from that in cases of false pretense.

4. **Weight of Evidence.** As to the evidential force of proof that other notes had been executed and paid, see body of the opinion.

Appeal from District Court, Woodward County; James B. Cullison, Judge.

J. C. Wilborn was convicted of forgery in the second degree, and he appeals. Modified and affirmed on rehearing.

S. M. Smith and Swindall & Wybrant, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.   J. C. Wilborn, plaintiff in error, here designated the defendant, was by information filed in the district court of Woodward county on July 3, 1919, charged with having in his possession a certain forged and counterfeit promissory note and with having, on the 1st day of May, 1918, unlawfully and knowingly offered this promissory note for sale to the First National Bank of Woodward, and with having on that date uttered and transferred to this bank as a true and valid instrument said counterfeit note. At the trial, November 23, 1920, the defendant was by a verdict of the jury found guilty as charged and his punishment fixed at one year and one day in the state penitentiary. From the judgment on the verdict, he appeals.

The facts disclosed by the evidence show that the defendant sold an automobile to the cashier of the Bank of Richmond at Richmond, Okla., and that the cashier gave the defendant, Wilborn, a deposit slip for $756.45, showing a deposit of that amount to defendant's credit in the Bank of Richmond, the deposit so made being the purchase price of the car. The defendant then went to Woodward and drew a check in favor of the First National Bank of Woodward on the Bank of Richmond for the sum deposited to his credit in the latter bank. The bank at Woodward credited defendant's account with this amount, which was paid by the Woodward bank to the defendant in cash. The cashier of the Bank of Richmond, immediately after having given the defendant this credit in his bank, absconded and the bank was closed and taken over by the state bank commissioner, and the check drawn in favor of the Bank of Woodward was returned unpaid. The defendant was then notified by the Woodward bank that his account at that bank was overdrawn

to the amount of $756.45, whereupon, to cover this overdraft, he delivered to the Woodward bank the note here in question, in the amount of $756.45, signed by the defendant, his wife, Gertrude Wilborn, and J. Hoffrt. No money was received by the defendant and no receipt of money anticipated by reason of the execution and transfer of this note. The note was given merely to cover the amount of money previously received by the defendant, as above stated.

Hoffert, whose purported signature appeared on the note, testified at the trial that the signature thereon was a forgery; that he knew nothing of the execution of the note, and that the placing of his name on the note was without his knowledge or authority.

It is alleged in the information that the defendant knowingly and feloniously offered this promissory note for sale to the First National Bank of Woodward, for the sum of $756.45 in money, with the unlawful and felonious intent to utter and pass this note as true. The prosecution seems to have been predicated upon the provisions of section 2078, Comp. Stat. 1921, as follows:

"Any person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the name to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

Numerous assignments of error are urged in defendant's brief. Among other things, it is contended that the proof

did not support the allegation of the information that the defendant offered this note for sale, or that it was sold to the Woodward bank in violation of this or any other statute. This claim seems to be based upon the fact that the defendant received no money; that the note was executed and delivered to satisfy the bank for a past and closed financial transaction; and that in that sense it was not a sale or offer for sale and not within the provisions of the statute. We acknowledge that in a technical sense this might be true, but this court does not favor reversals upon mere technicalities. The language of the statute, "Any person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note," etc., indicates that it was the intention of the lawmakers that it apply to transactions of this nature. The information might have been drawn more specifically in this regard, but we think the information was sufficiently explicit to apprise the defendant of the nature of the charges he would be called upon to meet. Just why the defendant resorted to this fraud and deception to meet an obligation for which he was in no way criminally liable does not appear, but the evidence is conclusive that he did exchange or deliver this spurious note to the Woodward bank for a past consideration, and that he did so for some fraudulent purpose.

The defendant urges further that there was a variance between the information and proof in that the information charges the forging of the name of J. Hoffert and the exhibit attached to the information shows that the name there appears "J. Hoffrt." The proof shows that J. Hoffert was the father-in-law of the defendant. The mere omission of one letter, the letter "e," under the circumstances, is not sufficient to constitute a variance. The defendant was sufficiently apprised of the identity of the person whose name

was alleged to have been forged, although it was spelled in two different ways.

The defendant, in support of his alleged error, cites a number of decisions from the Texas Court of Criminal Appeals. The rules of practice in the Texas Court of Criminal Appeals are more technical than those followed by this court. Our statutes contemplate, and this court has uniformly held; that immaterial technicalities must be disregarded. An information should contain a statement of the acts constituting the offense, in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. Section 2555, Comp. Stat. 1921. No information is insufficient by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Section 2564, Comp. Stat. 1921. The name of the person whose signature was forged was a peculiar one. It is apparent that the defendant could not have been misled by the discrepancy in the spelling of the name. Moreover, it comes within the doctrine of idem sonans, as recognized by this court and by weight of authority in other appellate courts. Claycomb v. State, 22 Okla. Cr. 315, 211 Pac. 429; 19 R. C. L. 1334.

Defendant further urges that the court erred in refusing to instruct the jury that in order to constitute the offense of offering a forged note for sale there must be an intent to cheat or defraud at the time the note is uttered or passed, and that it was offered to the bank with the intent to cheat and defraud the bank. Abstractly stated this is true, but there was no error here in refusing the proffered instruction, because the language used therein was susceptible of misconstruction. Forgery, as defined by the above statute, does not come within the rule laid down in Foster v. State, 15

Okla. Cr. 216, 175 Pac. 944, as applied to the crime of false pretense, where the charge was the receiving of money or other thing of value by means of a false pretense and where it appeared that the false pretense related to a past obligation and no additional money or thing of value was received on the strength of such pretense. The proof in a prosecution for false pretense must show the receipt of something of value, directly attributable to the false pretense. Not so under this forgery statute, under the provisions of which any fraudulent advantage accruing to the accused or any injury suffered by the person imposed upon is sufficient. The language used in the proffered instruction might have been construed by the jury to mean that they must find that the defendant, at the time of the transfer of the note, intended to cheat and defraud the Woodward bank out of the sum of $756.45, or some other sum. The evident purpose of the execution and delivery of this forged note was to gain time in which to make restitution of the money previously received from that bank or to fraudulently cause the bank to rest content, so that no immedite effort would be made by the bank to collect the money due by reason of the previous transaction. The court in other instructions told the jury that the uttering and transferring of this note must have been for the purpose of injuring or defrauding the Woodward bank. This we think was sufficient.

The defendant claims further that the court erred in refusing a proffered instruction to the effect that if the jury believed that another note executed about the same time had been paid by the defendant they might take that fact into consideration, in connection with all the other facts and circumstances in the case, to determine whether or not the defendant uttered the note in this case with an intent to cheat and defraud the bank. There was no error in the refusing

of this instruction. Conceding that at the time the forged note was presented and accepted the defendant intended to pay the note, he would still be guilty of forgery for the reason that the manifest purpose of executing and transferring the note was for some one or more advantages that would inure to his benefit. Drill, Cyc. of Criminal Law, § 569; 26 C. J. "Forgery," §§ 17 and 21.

The other assignments of error relate to those already treated. Based upon the conclusions stated, the judgment of the trial court is affirmed.

MATSON, P. J., concurs.

DOYLE, J., absent and not participating.

### On Rehearing.

PER CURIAM. Upon a consideration of this appeal on rehearing the court finds that the conclusions of law reached, as set out in the opinion first rendered, are technically correct. It appears, however, that from a moral standpoint the offense was not so grave as to warrant severe punishment.

It was argued on rehearing that the two banks involved were managed by interlocking directorates, although that fact does not appear of record. The accused was under no legal, possibly under no moral, obligation to take up the indebtedness by the execution of a written instrument secured by the signature of another person.

All things considered, it is ordered that the affirmance of the judgment be modified to imprisonment in the penitentiary for a period of 30 days, and the judgment, as so modified, is affirmed.