## W. B. PAUL v. STATE.

No. A-6651.    Opinion Filed Dec. 3, 1928.
(272 Pac. 485.)

See, also, 36 Okla. Cr. 85, 86, 252 P. 853 ( two cases).

H. Tom Kight, for plaintiff in error.

M. B. Cope and Erman S. Price, for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted of embezzlement in the district court of Rogers county, and was sentenced to serve a term of 15 years in the state penitentiary and to pay a fine of $4,000.

The record discloses that at the time charged and for some two years prior thereto defendant was cashier and director of the Farmers' & Merchants' Bank of Catoosa, and while such cashier he appropriated to his own use and embezzled an item of money coming into his hands and intrusted to him as such cashier in the sum of $300. The state proved the misappropriation of the money as charged, and introduced a written and signed confession in which defendant admitted embezzlements. Defendant did not take the stand, and offered no testimony. There is no question of his guilt.

The preliminary complaint charged, in substance, that defendant was cashier and a director of the Farmers' & Merchants' Bank of Catoosa, that there came into his hands as such cashier and director the sum of $300.00, and that he feloniously and not in the lawful execution of his trust embezzled and converted it to his own use with the intention to defraud said bank. Defendant waived a preliminary hearing, and the committing magistrate duly transmitted the complaint with his certificate to the district court, holding defendant for trial. The county attorney filed an information alleging that defendant was cashier of the bank, and as such cashier was intrusted with said money and unlawfully and feloniously embezzled and converted same to his own use. After various continuances and after the case was set for trial, the county attorney, with permission of the court, filed an amended information containing substantially the same allegations as the preliminary complaint. Defendant then filed a motion to quash, among other grounds, contending that defendant had not had a preliminary upon the charge in the amended information, that under the original information the offense charged and the punishment fixed therefor was as defined in sections 2122, 2132, and 2105, Comp. Stat. 1921, and that the amended information charged an offense defined by section 4178, Comp. Stat. 1921, and insists there is a

distinction between amending an information and filing an amended information. When a preliminary complaint is filed before a magistrate charging a person with crime, and a preliminary examination has been had or waived, and the accused is held for the district court, the county attorney is authorized to file an information charging the offense for which accused was held; he may not substitute one offense for another. Payne v. State, 30 Okla. Cr. 218, 235 P. 558; Lewis v. State, 39 Okla. Cr. 119, 263 P. 473. If the record before us disclosed that the amended information charged an offense different from that charged in the preliminary complaint upon which the preliminary was waived, this case would necessarily be reversed. The preliminary complaint before the magistrate charged embezzlement by the cashier and director of a bank. This is the same charge contained in the amended information upon which defendant was tried and the conviction had. It is proper to allow an information to be amended either before or after plea as provided by section 2512, Comp. Stat. 1921. Elkins v. State, 29 Okla. Cr. 175, 233 P. 491, and authorities cited. Where an information charging a felony is amended, and the charge in the amended information is substantially the same as the charge in the preliminary complaint before the committing magistrate, the contention that the accused should have the right to a preliminary hearing is untenable. Sellers v. State, 27 Okla. Cr. 245, 226 P. 109, and authorities cited. We do not perceive any difference between filing an amended information and amending an information on file. If an information on file is amended by changes or additions, the information becomes in fact an amended information to that extent. It is no different in effect than if rewritten in its entirety with the changes or additions embodied in it. See Lowe v. State, 7 Okla. Cr. 32, 121 P. 793.

Defendant contends that the court erred in denying a continuance when the amended information was filed.

Section 2512, Comp. Stat. 1921, provides, in substance, that a trial shall not be delayed by reason of an amendment to the information unless for good cause shown by affidavit. The amended information charged the same embezzlement as was charged in the preliminary complaint and in the original information. The filing of this amended information could not affect the defense to the charge and did not entitle defendant to a continuance.

Complaint is also made that the trial judge was arbitrary and improperly denied a postponement on account of illness of defendant's leading counsel, and that the court made remarks in the course of the trial prejudicial to defendant. In view of the fact that defendant was represented by his other counsel and that his guilt is undisputed, these matters do not require a reversal.

Upon a consideration of the entire record, however, we are convinced that the punishment assessed is too severe, and that justice requires that the imprisonment of 15 years be reduced to 5 years, and it is so modified. The judgment otherwise to stand.

The judgment, as modified, is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.