PHIL AUSMUS v. STATE.

No. A.-6604. Opinion Filed May 11, 1929.
(277 Pac. 259.)

M. A. Cox, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of forgery in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for one year and one day.

The defendant, according to the evidence of the state, on the 27th day of April, 1926, sold and delivered to the Davenport State Bank a certain forged check for the sum of $185, payable to the order of R. B. Allen, and purporting to be signed by B. W. Collier. The Davenport State Bank issued a deposit credit to R. B. Allen for $185. This check was a forgery, R. B. Allen apparently a fictitious person, the contention of the state being that the defendant intended to appropriate to his own use the proceeds of this check through some manipulation of the checking account and was only prevented from doing so by the discovery of the forgery before the money could be procured from the Davenport State Bank.

The first error complained of by the defendant is "error of the court in overruling defendant's demurrer to the information." The defendant argues in his brief that the demurrer should have been sustained because the information did not set forth the consideration running to the defendant.

In the case of Wilborn v. State, 26 Okla. Cr. 439, 224 Pac. 215, this court said:

"Numerous assignments of error are urged in defendant's brief. Among other things, it is contended that the proof did not support the allegation of the information that the defendant offered this note for sale, or that it was sold to the Woodward bank in violation of this or any other statute. This claim seems to be based upon the fact that the defendant received no money; that the note was executed and delivered to satisfy the bank for a past and closed financial transaction; and that in that sense it was not a sale or offer for sale and not within the provisions of the statute. We acknowledge that in a technical sense this might be true, but this court does not favor reversals upon mere technicalities. The language of the statute, 'Any person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note,' etc., indicates that it was the intention of the lawmakers that it apply to transactions of this nature. The information might have been drawn more specifically in this regard, but we think the information was sufficiently explicit to apprise the defendant of the nature of the charges he would be called upon to meet."

Further on in the body of the opinion, this court said:

"The proof in a prosecution for false pretense must show the receipt of something of value, directly attributable to the false pretense. Not so under this forgery statute, under the provisions of which any fraudulent advantage accruing to the accused or any injury suffered by the person imposed upon is sufficient."

It is not necessary under this statute that any fraudulent advantage accrue to the defendant, but is sufficient to complete the offense if an injury be suffered by the person imposed upon. While the information is unskillfully drawn, yet it contains sufficient to apprise the defendant of the particular crime charged, and the demurrer thereto was properly overruled.

The defendant next urges that the verdict is not sustained by sufficient evidence. Under our view of the law

of this case the evidence was amply sufficient to support the verdict.

The defendant complains that the court erred in giving certain instructions. An examination of the instructions of the court discloses that they correctly state the law as applicable to the facts in this case.

Finally, the defendant complains that the county attorney made prejudicial statements on facts outside the record in his closing argument. The defendant failed to assign the making of the prejudicial remarks as a ground for a new trial, and assigns the making of such remarks as reversible error for the first time in his petition in error in this court. This court has repeatedly held that matters not raised in the motion for new trial and not passed on by the trial judge will not be considered by this court. Cave v. U. S., 2 Okla. Cr. 258, 100 Pac. 1118; Ledgerwood v. State, 6 Okla. Cr. 105, 116 Pac. 202.

The evidence being sufficient to support the verdict and no substantial errors of law appearing upon the face of the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.