## WAYNE THOMPSON v. STATE.

No. A-8051.   Sept. 19, 1931.
(3 Pac. [2d] 251.)

W. H. Cooper, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Caddo county of rape in the second degree and his punishment fixed at four years in the penitentiary.

The record discloses that at the time charged defendant accomplished an act of sexual intercourse with the prosecutrix with her consent. She was under the age of sixteen and evidently unchaste. We deem it unnecessary to further set out the facts. The prosecutrix testified to the act of intercourse, and a male companion with defendant at the time corroborated her in all particulars except as to the act of intercourse.

It is first argued that the court erred in overruling the defendant's motion to quash the information. Defendant was charged before the committing magistrate of rape in the first degree. He was held for the action of the district court for rape in the second degree. The county attorney in drawing the information labeled the offense "first" degree rape, although the charging part of the information alleges only second degree rape. When the motion to quash on this ground was presented, the court permitted the county attorney to change the designation of the crime from "first" to "second" degree rape, the word "first" being stricken out and the word "second" inserted. Under section 2512, Comp. Stat. 1921, the amendment was proper, as one of form only. French et al. v. State, 17 Okla. Cr. 542, 190 Pac. 707; Johnson v. State, 21 Okla. Cr. 17, 204 Pac. 311; Orum v. State, 45 Okla. Cr. 193, 282 Pac. 899; Rich v. State, 46 Okla. Cr. 242, 284 Pac. 903.

Some other matters are briefly argued including the assignment of error in overruling an application for continuance. An examination of the record on this point discloses no material error.

Upon a consideration of the entire record we are of the opinion that the punishment assessed is excessive and the judgment should be modified by reducing it from a

term of four years in the penitentiary to a term of two years in the penitentiary.

As modified, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.