## MANUEL GUESS v. STATE.

No. A-8266. April 9, 1932.
Rehearing Denied May 14, 1932.
(11 Pac. [2d] 199.)

302

Lydick & Brett, for plaintiff in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of forgery in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of six years.

The evidence of the state was that on the 24th day of February, 1931, defendant, under the name of E. O. Reed, opened a deposit and checking account with the Capitol State Bank of Oklahoma City, depositing at said time $100 in currency; that a regular deposit slip was made out and defendant given a passbook with an entry therein showing a deposit of $100; that on February 26, 1931, defendant deposited $235, and was given credit for same in the passbook; that said deposit consisted of $50 in currency and a check for $185; that on the 27th day of February, 1931, defendant deposited $260 and was given credit for the same in the passbook; that said deposit consisted of a check for $165, which is the forged item, and a check for $145, making a total of $310, less $50 cash paid defendant at the time the deposit was made, leaving a net total of $260; that the check for $185, the check for $165, and the check for $145 were each returned by the banks upon which they were drawn, unpaid and

marked "no funds"; that E. O. Reed is a fictitious person, and that defendant forged the name of W. D. Ragsdale; that on the 28th day of February, 1931, defendant executed a check for $135, payable to the order of J. H. Jackson; that payment was not made to Jackson on this check because he was unable to identify himself at the bank; that when defendant was first arrested he said the checks had been given to him by a man out in the oil field, but that he was unable to produce the man; that later, in the same conversation, defendant said: "Well, you know how it is when a man has got his back against the wall—he will do most anything for money." Defendant did not take the witness stand and offered no evidence in his defense.

The errors complained of by defendant in their final analysis amount to but one question; that the evidence is insufficient to support the verdict of the jury.

The particular complaint which defendant makes is that he could not be guilty of forgery under the information and the evidence, because he received no money consideration for the forged check.

The charging part of the information is:

"That the defendant then and there being, did then and there, willfully, unlawfully, wrongfully, knowingly and feloniously deliver for a valuable consideration, to the Capitol State Bank of Oklahoma City, a certain forged check," etc.

Section 2078, C. O. S. 1921, provides:

"Any person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed,

or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

Under this statute, if a person delivers, for any consideration, a forged check, knowing it to be forged, and with intent to have the same uttered or passed, he is guilty of second-degree forgery.

It appears from the record that defendant forged the name of W. D. Ragsdale to the check and then deposited it with the Capitol State Bank, by delivering the same to one of the tellers, with intent to defraud the bank. This check was accepted by the bank for collection and deposit made by deposit slip and entry in the passbook in the amount of the check. The check was drawn on the Farmers' Bank of Quitman, Mo., and was sent to said bank for collection and returned in the usual course marked "No account."

Section 5019, C. O. S. 1921, defines "consideration" as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

Under this section, "consideration" is any benefit conferred. It appears from the record that defendant was paid $50 in cash at the time the $165 forged check and the $145 check, which was later returned not paid, were deposited; that he did not finally receive in cash the full

amount represented by the check because of the diligence of the bank in promptly presenting same for collection to the bank upon which it was drawn.

This court has had under consideration the question of the consideration necessary to be received at the time the forged instrument is presented, in Wilborn v. State, 26 Okla. Cr. 437, 224 Pac. 214, and in Ausmus v. State, 43 Okla. Cr. 66, 277 Pac. 259, and there determined this issue adversely to defendant's contention.

It reasonably appears from the record that defendant, by opening the account in a fictitious name and within three days depositing checks totaling $495, one at least of which was forged, and the other two unpaid for want of funds, and by the drawing of the check to Jackson and receiving a portion of the cash himself, was planning to defraud the bank of a part or all of the money purporting to be represented by the checks.

Defendant had a fair trial, and the evidence sustains the verdict of the jury. The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.