TOM HARM DICKERSON v. STATE.

No. A-9965.   April 8, 1942.

(124 P. 2d 750.)

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

Sid White, of Oklahoma City, for defendant.

BAREFOOT, P. J. Defendant, Tom Harm Dickerson, was charged in the district court of Oklahoma county with the crime of forgery in the second degree, and it was further alleged in the information that he had been previously convicted of the crime of burglary and sentenced to the penitentiary, was tried, convicted and sentenced to serve a term of ten years in the penitentiary, and has appealed.

The statute under which the prosecution of defendant was based is Oklahoma Statutes 1931, section 2125, Oklahoma Statutes Annotated and Oklahoma Statutes 1941, Title 21, § 1577, which provides:

"Every person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

Defendant in his brief urges but one contention for reversal of this case. He says the defendant "was convicted of offering to sell, exchange or deliver a forged

instrument to the John A. Brown Company." And he says this was an attempt "to enlarge section 2125, O. S. 1931, Oklahoma Statutes Annotated and Oklahoma Statutes 1941, Title 21, § 1577, to include and make punishable an act not denounced as criminal in said statute, which is as follows, to wit." In support of this contention defendant in his brief sets out an instruction given by the court which simply outlines the charge made against the defendant and then states:

"It is therefore obvious that the plaintiff in error was convicted of offering to sell, exchange or deliver a forged instrument to the John A. Brown Company.

"In my opinion the effect of all this was to enlarge section 2125, O. S. 1931 (Oklahoma Statutes Annotated and Oklahoma Statutes 1941, Title 21, section 1577), to include and make punishable an act not denounced as criminal in said statute, which is as follows, to wit."

He then quotes the statute above quoted.

In the brief it was not attempted to point out in what way this attempt was made or wherein the crime charged under the information does not come within the plain and positive terms of the latter provision of said section which provides that anyone "who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, * * * is guilty of forgery in the second degree." The only statement made to support this contention is:

"This Honorable Court has apparently held repeatedly that an offense such as the one under consideration is not complete until the perpetrator shall have received thereby some advantage and his victim suffered some injury. Guess v. State, 53 Okla. Cr. 301, 11 P. 2d 199; Ausmus v. State, 43 Okla. Cr. 66, 277 P. 259; Wilborn v. State, 26 Okla. Cr. 437, 224 P. 214. These cases seem to decide the question beyond all doubt."

An examination of these cases reveals that they in no way support the contention of defendant. It is unnecessary to unduly lengthen this opinion by referring to the facts therein stated. In all of these cases the judgment of conviction was affirmed by this court, and a careful reading of them reveals that they sustain the contention of the state rather than that of the defendant. In a case similar to the case at bar, and in construing a statute practically the same as the Oklahoma statute above quoted the Supreme Court of Colorado in the case of People v. McDonald, 53 Colo. 265, 125 P. 114, 115, says:

"Assuming that the check was not true and genuine, if the defendant made it with the above intent, he was guilty of forgery when he made it. If he attempted to pass it, he was guilty of forgery when he tried to do that. It was not necessary to constitute a completed crime that the check should be indorsed, cashed, or passed, or that any one should be actually prejudiced by it. The crime did not consist in realizing on the fraud, but in making the false check or attempting to pass it. 2 Bish. Crim. Law, § 538."

To the same effect is the case of People v. Kuhn, 33 Cal. App. 319, 165 P. 26, in which the District Court of Appeal of California under a similar statute has held:

"1. In a prosecution for forging a check, the fraudulent intent of defendant was a question for the jury. * * *

"3. It is not necessary to sustain a conviction for forgery that the party whose name has been forged has suffered actual damage; it being only essential that it appear that if manifest intent of defendant culminated in success, such damage would follow."

See, also, Beach v. State, 28 Okla. Cr. 348, 230 P. 758; Snider v. State, 71 Okla. Cr. 98, 108 P. 2d 552; Boyer v. State, 68 Okla. Cr. 220, 97 P. 2d 779; Taylor

v. State, 65 Okla. Cr. 432, 88 P. 2d 665; Jones v. State, 69 Okla. Cr. 244, 101 P. 2d 860.

This case was tried before the court without the intervention of a jury. Defendant was charged with forgery in the second degree. The punishment prescribed by the statute, O. S. 1931, § 2146, O. S. A. and O. S. 1941, tit. 21, § 1621, for this offense is not to exceed seven years in the penitentiary. He was also charged with having been previously convicted of the crime of burglary, and sentenced and served a term in the penitentiary. In Oklahoma Statutes 1931, section 1817, Oklahoma Statutes Annotated and Oklahoma Statutes 1941, Title 21, section 51, it is provided:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years.

"2. * * *.

"3. * * *".

Under this statute the minimum punishment t h a t could be assessed was ten years in the penitentiary, which was given the defendant. We do not hesitate to state if this court had the right under the law to reduce the punishment prescribed in this case we would not hesitate to substantially reduce the same, taking into consideration all the facts and circumstances. However, this is a matter for the Legislature of the state.

It is unnecessary to discuss the evidence presented in this case. It was amply sufficient to sustain the alle-

gations of the information under the statute. There was no question of the intent to defraud, as alleged in the information. The defendant offered no testimony.

The judgment and sentence of the district court of Oklahoma county is therefore affirmed.

JONES and DOYLE, JJ., concur.