# Ex parte HENRY W. CONWAY.

No. A-10817.    April 16, 1947.

(179 P. 2d 699.)

Woodrow George, of Ardmore, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent R. B. Conner, Warden.

BRETT, J.   Henry W. Conway was tried and con-victed of the offense of "second degree forgery" in the district court of Carter county, Okla., on May 11, 1946, and was sentenced to serve seven (7) years in the penitentiary. He now seeks his release from prison in this proceeding, by petition for writ of habeas corpus.

The preliminary complaint, filed before the committing magistrate, alleged in the descriptive label and the charging part as follows, to wit:

"* * * on the 20th day of February, 1946, Henry W. Conway, alias * * *, did commit the crime of Forgery—First Degree, in the manner and form as follows, to wit:

" 'That Henry W. Conway, alias Norman R. Smith, in the county and state aforesaid, on the day and year aforesaid, did, wilfully, unlawfully, fraudulently, falsely and feloniously, make and forge a certain instrument in writing, the same purporting to be the act and deed of one R. B. Brooks, and purporting to convey the rights and property of the said R. B. Brooks, and to effect the said R. B. Brooks in the property therein described, said instrument in writing, a check, purporting to be the act and deed of R. B. Brooks, with the unlawful, wrongful, fraudulent and felonious intent on the part of him, the said Henry W. Conway, alias Norman R. Smith, then and there to cheat and defraud and injure the said G. M. Cunningham, said check and instrument in writing being in words and figures as follows, to wit:

First National Bank       No. 1806
Ardmore, Oklahoma, Feb. 20, 1946

Pay to Norman Smith     Or Bearer                    $18.50
Eighteen Dollars and 50/100_____Dollars
No Account                        R. B. Brooks

Endorsed on back as follows:

Norman Smith
312 E. Main

contrary to the form of the Statute in such cases, made and provided, and against the peace and dignity of the State of Oklahoma.' "

Before the committing magistrate, the petitioner waived preliminary hearing and was bound over to district court.

In the district court, the petitioner was charged by information; the descriptive label and the charging part as amended alleged as follows, to wit:

"* * * on or about the 20th day of February, * * * One Thousand, Nine Hundred and Forty-six, * * *, commit the crime of Forgery—

Second Degree (Interlineation)
First Degree in the manner and form as follows, to wit:

" 'That Henry W. Conway, alias Norman R. Smith, in the county and state aforesaid, on the day and year aforesaid, did, wilfully, unlawfully, fraudulently, falsely and feloniously, make and forge a certain instrument in writing, the same purporting to be the act and deed of one R. B. Brooks, and purporting to convey *and* rights and property of the said R. B. Brooks, and to effect the said R. B. Brooks in the property described therein, said instrument in writing, a check, purporting to be the act and deed of R. B. Brooks, with the unlawful, wrongful, fraudulent and felonious intent then and there on the part of him, the said Henry W. Conway, alias Norman R. Smith, to cheat and defraud and injure the said G. M. Cunningham, said check and instrument in writing being in words and figures as follows, to wit:

First National Bank       No. 1806
Ardmore, Oklahoma, Feb. 20, 1946

Pay to Norman Smith     or Bearer                $18.50
Eighteen Dollars and 50/100_____Dollars
No. Acct.                      R. B. Brooks

Endorsed on back as follows:

Norman Smith,
312 E. Main

contrary to the form of the Statutes, in such cases made and provided, and against the peace and dignity of the State.' "

The only difference in the preliminary complaint, the information originally filed, and the amended information, is that the word "First" was stricken and the word "Second" was substituted, by interlineation, therefor, in the descriptive label. This offense was predicated upon the provisions of § 1577, Title 21 O. S. A., as follows, to wit:

§ 1577. "Notes, checks, bills, drafts—Sale, exchange or delivery.—

"Every person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any considertion with the like knowledge and intent, is guilty of forgery in the second degree. R. L. 1910, § 2629."

The facts as disclosed by the record show the forged check was presented to Mr. G. M. Cunningham, in exchange for merchandise and cash, in the amount of $11.18. The record brings this case within the foregoing statute and the rather late case of Dickerson v. State, 74 Okla. Cr. 229, 124 P. 2d 750, construing the same, covering "the selling, exchange, or delivery for a consideration, of a forged check," and also making it an offense for one "to offer for

sale, exchange, or delivery, for any consideration, such forged check."

The petitioner contends that the court was without jurisdiction to make and enter the judgment and sentence herein. This contention is based upon the theory that he was originally charged in the information with the offense of "First Degree Forgery" and after the court overruled the defendant's demurrer to the information the state was permitted to amend by interlineation, reducing the charge to "Second Degree Forgery" by striking the word "First" and substituting the word "Second": that thereby he was compelled to answer to a different charge than the one with which he was originally charged. The petitioner does not contend nor was any change made in the body or substance of the information. The record shows the only change that was made was in the descriptive label from "First" to "Second" degree forgery. He further contends that he was compelled to defend said charge over his objection, without ever having waived a preliminary examination on the charge contained in said amended information. To these contentions of the petitioner, the state filed a demurrer. No other questions are raised by the record, the petition, or the demurrer.

Under the provisions of § 304, Title 22, O. S. A., an information may be amended after plea or on the order of the court where the same can be done without material prejudice to the rights of the defendant. The foregoing amendment, as complained of, was made with the permission of the court after the demurrer of the defendant to the information was overruled and before the case proceeded to trial. In Butler v. State, 78 Okla. Cr. 133, 145 P. 2d 215, 216, this court said:

"We have often held that an information may be amended in matters of either form or substance when it can be done without prejudice to the rights of the accused."

Also, Stephens v. State, 73 Okla. Cr. 349, 121 P. 2d 326, wherein this court laid down the same rule in interpreting the foregoing statute. Also, Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258; Ward v. State, 34 Okla. Cr. 296, 246 P. 664; Hammons v. State, 47 Okla. Cr. 297, 298 P. 1076; Little v. State, 21 Okla. Cr. 1, 204 P. 305. In Thompson v. State, 52 Okla. Cr. 139, 3 P. 2d 251, construing the foregoing statute, and decisively in point with the case at bar, this court said:

"The county attorney in drawing the information labeled the offense "first" degree rape, although the charging part of the information alleges only second degree rape. When the motion to quash on this ground was presented, the court permitted the county attorney to change the designation of the crime from "first" to "second" degree rape, the word "first" being stricken out and the word "second" inserted. Under section 2512, Comp. Stat. 1921 [22 O. S. 1941 § 304], the amendment was proper, as one of form only."

As was said in Lowe et al. v. State, 7 Okla. Cr. 32, 121 P. 793, 794:

"In this case, however, the amendment complained of did not affect the validity of the information in any sense. It charged the same offense before as it did after the amendment."

The same may be said of the amended information in the case at bar. In Bruning v. State, 63 Okla. Cr. 1, 72 P. 2d 393, 394, making no reference to the permissibility of amendments under § 304, Title 22, O. S. A., this court said:

"It appears that the name given to the crime charged in the information is forgery in the first degree, but by the

charging part the defendants are charged with forgery in the second degree.

"A mistake in this particular is an irregularity and is not fatal. The introductory paragraph of an information is ordinarily equivalent to a mere descriptive label. * * *

"A wrong name given to a crime in the preliminary part of an information is an irregularity only, and is not fatal. The charging part of the information must be looked to, to determine the character of the offense."

The Bruning case is also decisively in point with the case at bar. When the charging part of the information, in the instant case, alleged a violation of § 1577, Title 21, O. S. A., in the preliminary complaint, in the original information, and in the amended information, the substance of the charge could not be controlled by the descriptive label that the prosecutor may have inadvertently placed thereon. See, also, Lancaster v. State, 2 Okla. Cr. 681, 103 P. 1065, permitting amendment by striking out the name of one person to whom the defendant allegedly sold whisky, in violation of law. Also, Orum v. State, 45 Okla. Cr. 193, 282 P. 899, wherein the county attorney was permitted to amend the information by striking the word "company" and substituting in its stead, the word "corporation." See, also, Marks et al. v. State, 69 Okla. Cr. 330, 102 P. 2d 955; Leyerle v. State, 31 Okla. Cr. 179, 237 P. 871; all hold amendments such as we have under consideration in the instant case, going only to form, are not prejudicial to the defendant. We therefore conclude that the substitution of the word "second" for the word "first" in the information, changing the designation or the descriptive label of the crime from "first" to "second" degree forgery, involved no change in the charging part of the information and was proper, being an amendment of form only.

The petitioner's contention that he was compelled to defend, over his objection, the charge as made in the amended information, without waiving a preliminary examination thereon, is without merit since it must stand or fall with the first contention. The preliminary complaint, the original information, and the amended information, being identical except for the words "first" and "second," the lack of merit in this contention is apparent. The preliminary hearing upon the complaint was sufficient foundation for the first information, and the amended information being substantially identical, the complaint was an equally adequate foundation for the amended information. In Sellers v. State, 27 Okla. Cr. 245, 226 P. 109, 110, the contention was made that permitting interlineation of an information charging "conjoint robbery" so as to allege "good and lawful money of the United States of the value of $120.00" was equivalent to ordering a new information. In answer to that contention, this court said:

"Where, as here, the amendment is immaterial, a second preliminary hearing will not be required as a foundation supporting the new information. If the preliminary hearing had was sufficient foundation for the first information, it was equally adequate for the second, both being in effect the same. The purpose of a preliminary hearing is to ascertain whether a crime has been committed, and, if so, the nature of the accusation to be made, and if there is probable cause to believe the accused committed the crime, and such probable cause is shown to give the accused advance notice of its character, to enable him to prepare for trial before a jury. Where the preliminary hearing already had meets these requirements as to a second information, or an amended information, the state will not be required to do a useless thing in holding a second preliminary trial duplicating the first. Filler v. State, 23 Okla. Cr. 282, 214 P. 568; White v. State, 23 Okla. Cr.

198, 214 P. 202; Tipton v. State, 23 Okla. 86, 212 P. 612, [31 A. L. R. 1074]."

In Paul v. State, 41 Okla. Cr. 164, 272 P. 485, 486, this court said:

"The preliminary complaint before the magistrate charged embezzlement by the cashier and director of a bank. This is the same charge contained in the amended information upon which defendant was tried and the conviction had. It is proper to allow an information to be amended either before or after plea as provided by section 2512, Comp. Stat. 1921, [22 O. S. 1941 § 304]. Elkins v. State, 29 Okla. Cr. 175, 233 P. 491, and authorities cited. Where an information charging a felony is amended, and the charge in the amended information is substantially the same as the charge in the preliminary complaint before the committing magistrate, the contention that the accused should have the right to a preliminary hearing is untenable;" citing Sellers v. State, supra.

In view of these authorities, we are compelled to conclude that the petitioner's second contention is likewise without merit. The petitioner relies upon Kelly v. State, 12 Okla. Cr. 208, 153 P. 1094. The Kelly case is clearly distinguishable from the case at bar. In that case, the information as originally drawn charged the forgery of the name of J. J. Kelly to the release of a real estate mortgage. The action was originally brought under the provisions of § 2621, R. L. 1910, the same as § 1561, Title 21, O. S. 1941, defining an offense against property. After all the evidence had been introduced in the trial, the state was permitted to amend the information, so as to charge the making of a false certificate of acknowledgment, as a notary public, under the provisions of § 2626, R. L. 1910, the same as section 1574, Title 21, O. S. A., completely changing the character of the offense charged, calling upon the defendant to answer to a new and different charge, under

an altogether different statute. Consequently, under the circumstances in that case, Kelly was denied his constitutional right to a preliminary hearing on the new or amended charge of which he was convicted. We are confronted with no such situation in the instant case, since the charging part of the preliminary complaint, the original information, and the amended information was in substance identical. The admendment herein involved was only one of form and did not change the nature of the offense, as the amendment did in the Kelly case. However, as was said in Arms v. State, 49 Okla. Cr. 34, 292 P. 76, 77:

"It is, of course, not permissible to allow an amendment to change the nature of the offense or to charge a different offense."

The record in the instant case discloses no such situation and, there appearing no prejudice to the petitioner's substantial rights, the demurrer is sustained and the petition for writ of habeas corpus is dismissed.

BAREFOOT, P. J., and JONES, J., concur.