Tom SMITH, #65904, Petitioner,

v.

The STATE of Oklahoma, and Robert R. Raines, Warden, Respondents.

No. A–13228.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1962.

Tom Smith, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is a petition in habeas corpus brought by Tom Smith against the Warden of the Oklahoma State Penitentiary, Robert R. Raines.

Petitioner alleges that he is being unlawfully detained under and by virtue of a judgment and sentence rendered against him in the Superior Court of Seminole County, Oklahoma, on November 7, 1959 on a charge of receiving stolen property. He complains that the judgment and sentence is void, among other things, because the information by which he was originally charged failed to allege the name of the person from whom he received the stolen property.

In this connection it appears that the trial court permitted the information to be amended in that regard, which if improper

would constitute an error of law, and not a matter going to jurisdiction.

Petitioner further complains that this court erred in dismissing his appeal on the grounds set forth in Smith v. State, Okl.Cr., 362 P.2d 113.

We have again reviewed those matters and are of the opinion that the attempted appeal was not perfected as by law provided, and as therein discussed. By reason of the foregoing complaints and others available only on appeal, petitioner says he was denied due process of law.

■ This habeas corpus proceeding fails because of rules of law hereinafter set forth, and cases cited in support thereof. The trial court, under the facts of this case, had jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to render the judgment and sentence imposed.

Title 21 O.S.1951 § 1713 in force at the time of the rendition of the judgment and sentence complained of, provides:

"Any person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by a fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment [R.L.1910, § 2664]."

■ It clearly appears that both the original information and the amended information on which the defendant was tried substantially follow the language of the statute, the former omitting the name of the person from whom the property was received (Hartgraves v. State, 5 Okl.Cr. 266, 114 P. 343, 33 L.R.A.,N.S., 568), while in the amended information the same was supplied, to which petitioner avers he objected. The information charged the same offense, after the name of the party was supplied, as it did before the amendment was made. Lowe v. State, 7 Okl.Cr. 32, 121 P. 793.

In Ex parte Conway, 84 Okl.Cr. 118, 179 P.2d 699, we said:

"Where an information charging a felony is amended, and the charge in the amended information is substantially the same as the charge in the preliminary complaint before the committing magistrate, the contention that accused should have a right to preliminary hearing on the amended information is untenable."

■ This information being thus defective, was therefore not void but voidable, and thus amendable, as hereinbefore indicated.

In Ex parte Keel, 62 Okl.Cr. 277, 71 P.2d 313, Judge Doyle, speaking for this court said:

"From the record, the trial court appears to have had jurisdiction of the person of the petitioner and of the crime with which he was charged, and, in addition, full authority to render the judgment upon which the commitment issued, so that it is now impervious to collateral attack such as is here attempted.

■ "In the case of Ex parte King, 41 Okl.Cr. 241, 272 P. 389, this court held that:

" 'The general rule is that the writ of habeas corpus may not be used either before or after conviction to test the sufficiency of an indictment or information. Where an indictment or information is merely defective, demurrable, or subject to a motion to quash, or technically insufficient, but may be amended to state the crime sought to be charged, the person held by process based upon it is not entitled to test the sufficiency of the indictment or information by habeas corpus. Where, however, the indictment or information is fundamentally defective in substance, so that it cannot be amended to charge a crime in any manner or form or by any intendment, it is void, and a person held by process based on such void charge is entitled to discharge by habeas corpus.'

"See, also, Ex parte Wagner, 58 Okl. Cr. 161, 50 P.(2d) 1135; Johnson v. State, 57 Okl.Cr. 220, 46 P.(2d) 964; Ex parte Gardner, 54 Okl.Cr. 294, 19 P. (2d) 910."

And see Ex parte Woods, 7 Okl.Cr. 645, 125 P. 440; and Ex parte Spencer, 7 Okl.Cr. 113, 122 P. 557.

■ The information herein was not void, and is controlled in this regard by the foregoing rule.

■ Any defect in an information which is amendable is an irregularity and a proper inquiry on appeal when availed of as by law provided, but not in habeas corpus. It has been repeatedly held that:

" 'The writ of habeas corpus cannot take the place of a writ of error or of an appeal.' Ex parte Adams, (Okl.Cr. App.) 274 P. 485, and cases therein cited; Ex parte Overby, (Okl.Cr.App.) 279 P. 523."

Quoted in Ex parte Prock, 46 Okl.Cr. 239, 287 P. 1091.

We are convinced that this is an attempt to substitute habeas corpus for an appeal, which failed because it was not perfected as by law provided. Smith v. State, supra.

The petition herein is, accordingly, denied.

NIX, P. J., and BUSSEY, J., concur.