Jimmy Lee ROSS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13672.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1966.

Rehearing Denied Feb. 14, 1966.

Second Petition for Rehearing Denied Feb. 23, 1966.

Malcolm Baucum, Oklahoma City, for plaintiff in error.

Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Jimmy Lee Ross, plaintiff in error, hereinafter referred to as the defendant, was charged by information in the District Court of Garfield County with the crime of Forgery in the Second Degree. He was tried by a jury, found guilty, and given an interminate sentence of not less than one year and not more than three years in the penitentiary. From that judgment and sentence he appeals to this Court.

Defendant argues under one proposition of error, that the evidence is insufficient to sustain the verdict of the jury. The evidence presented by the state alleged that one Gloria Russell alias Viola Metcalf passed a forged check in the amount of $90.00 to the Ideal Food Store in Enid, Oklahoma. The check was drawn on the American Livestock Commission in Oklahoma City, signed by E. R. Murphy, and endorsed on the back by one "Robert Russell", and underneath that, the signature of "Gloria Russell". An employee of the American Livestock Commission testified that the check in question was missing from their office, and that none of the signatures were authorized. Richard J. Stead, an attorney at Cushing, and formerly the County Attorney of Payne County, testified that in September of 1962, he took a handwriting exemplar from the defendant, Jimmy Ross. Ray Sherman testified that he was present when the defendant gave the exemplar. A handwriting expert, Ernest D. Smith, with the Oklahoma State Bureau of Investigation, compared the exemplar, supra, with the check in question, and testified that, in his opinion, the signature of Robert Russell on the back of the check in question was written by the defendant, Jimmy Ross. Title 21 Okl.St. Ann. § 1577, states:

"Every person who sells, exchanges or delivers for any consideration any forged

or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

This Court has held that the three elements of forgery are (1) a false writing or authorization of an instrument; (2) the instrument as made must be apparently capable of defrauding; and (3) there must be an intent to defraud.

And, further, in the case of Ausmus v. State, 43 Okl.Cr. 66, 277 P. 259:

"Injury to victim without advantage to defendant is sufficient to complete second degree forgery."

In Taylor v. State, 65 Okl.Cr. 432, 88 P.2d 665; and Smith v. State, Okl.Cr., 291 P.2d 378 (1956):

"In prosecution for forgery in the second degree, proof concerning accused's alleged guilty knowledge and intent to defraud could be made by circumstantial, as well as by direct testimony."

Certainly the evidence presented established that the defendant endorsed the check on the back, which clearly indicates the intent to defraud, and guilty knowledge. This Court has examined the testimony, and the instructions given to the jury, and find that the evidence, although circumstantial, would be sufficient; and this Court has consistently held:

"Where there is evidence from which the jury could reasonably and logically find the defendant guilty of the crime charged, in the absence of unusual circumstances, this Court will not set aside the jury's verdict on account of insufficiency of the evidence."

Defendant's second proposition of error is that the trial court erred in permitting Eloise Burnett to be endorsed as a state's witness after the commencement of the trial, and allowed to testify. He does not assert or urge to this Court, either by argument or citation of authorities, wherein he was prejudiced. This Court has repeatedly held that where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. He did not show whereby this evidence, even if it were inadmissible, probably resulted in a miscarriage of justice or was a substantial violation of his rights, nor does the record reflect that this is so.

Finding no error sufficient for reversal, and for the reasons set forth above, the judgment and sentence of the trial court is hereby affirmed.

TOM BRETT, J., concurs.

BUSSEY, P. J., not participating.