THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO GONZÁLEZ, Defendant and Appellant.

No. CR-67-218.        Decided June 27, 1969.

*David Urbina Urbina* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant was accused and convicted of four charges for possessing material connected with and which he used "for the practice of the illegal game of bolita." He was ordered to serve consecutively one year in jail for each count.

He assigns that (1) the trial judge erred in allowing the amendment of the informations which did not allege facts constituting an offense; that what was proper was to dismiss them; that then the prosecuting attorney could file new informations; that in allowing the amendment, appellant was deprived of his right to allege the limitation period against the new informations. He also alleges that (2) the evidence did not establish clearly defendant's guilt and that (3) the trial judge abused his discretion since in determining that the sentences were to be served consecutively he did not take into consideration the particulars of the case.

We do not agree on the grounds set forth below.

1.—There is no doubt that the mere allegation in the four informations in these cases against appellant that "he had in his possession and control material related to the unlawful game of bolita" did not state facts constituting any offense. *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967). When he was arraigned appellant alleged that the informations did not state facts constituting an offense. At the request of the prosecuting attorney, the trial court allowed him to amend the informations over the defense's objection, interlining allegations which corrected the error assigned and by virtue of which the informations in effect adduced facts constituting an offense. The day of the trial, when the trial judge ordered the reading of the amended informations, appellant considered them as read and reiterated his previous contention.

■ Rule 38(b) of the Rules of Criminal Procedure provides that "If the information, or complaint has a *substantial defect or omission,* the court wherein the proceeding was originated may permit the necessary amendments to cure said defect or omission at any time. . . ." (Italics ours.) Said provision should be construed and applied not only "to secure the just determination of every proceeding and the elimination of unjustifiable delay and expense"—Rule No. 1 of the Rules of Criminal Procedure—but that it should be applied in such a way as to achieve liberality and flexibility in the proceedings which was one of the purposes which were sought when said Rules were adopted, safeguarding always, of course, the rights of the accused.

■ The Rule cited first in the preceding paragraph does not define the term "substantial defect or omission." All the facts which must be proved to make the act complained of a crime are matters of substance. *Corbin* v. *State*, 206 A.2d 809, 811 (Md. 1965). In our judgment, therefore, the Rule

in question authorizes to amend in order to correct an omission of elements of the offense.[1]

■ The defect, which the information had, being curable by means of an amendment, the trial court did not err in authorizing the amendment in question and in dismissing appellant's contention. This act did not prejudice the right to allege the prescription, as appellant indicates, since if a new information would have been filed he could not attack it under Rule No. 64(n) of the Rules of Criminal Procedure. *People* v. *Ortiz Díaz*, 95 P.R.R. 237, 241 (1967).

■ 2.—The assignment that the evidence did not establish clearly appellant's guilt relies on the decision in *People* v. *Soto Zaragoza*, 94 P.R.R. 332 (1967) and *People* v. *Ayala Ruiz*, 93 P.R.R. 686 (1966). We do not agree. The testimony of the undercover agents covered all the essential elements of the offenses and they adduced all the facts which proved them and, in particular, the place, hour, and occasion of the sale, the typical material of the game of bolita, and even the identification of some of the persons on the occasion of one of the sales.

■ 3.—The assignment that the trial court abused its discretion in determining that the sentences were consecutive is without merit. The Act authorizes the term of the conviction as well as the imposition of consecutive sentences. We do not find justification in the record to conclude that the trial judge abused his discretion upon making such determination.

By virtue thereof, the judgments rendered by the Superior Court, San Juan Part, on June 27, 1967, should be affirmed.

---

[1] For other case law about what is a matter of substance in an information, see 42 C.J.S. *Indictments and Informations*, § 240; to change or add an element of the offense is a matter of substance: see, for example, *State* v. *Jensen*, 30 P.2d 203 (Utah 1934) ; *State* v. *Kusel*, 213 Pac. 367 (Wyo. 1923) ; *State* v. *Wozniak*, 178 N.E.2d 800 (Ohio 1961).

In some jurisdictions where the adjective law is similar to ours, the contrary has been held. See, *Smith* v. *State*, 375 P.2d 354 (Okl. Cr. 1962) ; *Prestage* v. *State*, 348 P.2d 865 (Okl. 1959) ; and *People* v. *Grogan*, 117 N.Y.S.2d 617 (1952).

Mr. Justice Hernández Matos did not participate herein. Mr. Justice Santana Becerra concurs in the result.