James Edward CRAIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15218.

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1969.

Rehearing Denied Dec. 10, 1969.

BUSSEY, Judge.

James Edward Crain, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary in the First Degree After Former Conviction of a Felony, was sentenced to serve 25 years in the state penitentiary, and appeals.

Briefly stated, the facts adduced on the trial reveal that on September 17, 1968, Racheal Flint lived at 314 N.E. 14th in Oklahoma City. She lived in Apartment No. 2 and awakened about midnight to see a man, whom she identified in court as defendant, standing over her head as she was in her bed. Defendant grabbed her and hit her with his fist and then ran. She noticed her television set was missing. She talked to a neighbor, Joe Jordan, and then called police. She then went downstairs and saw defendant and Joe Jordan together and saw her television in a car parked at her house. She identified State's Exhibit No. 1 as her television set that was missing. On retiring that evening, she testified that she had locked the door to her apartment.

Joe Jordan was at his girl friend's apartment that night, which was next door to Mrs. Flint's apartment. He heard someone walking up the stairway, fumbling with the door, walking around inside, and going back downstairs. He then heard someone walking back upstairs and the same noises as before, then heard Mrs. Flint scream. He then heard a door open and heard someone run downstairs. He grabbed his girl friend's revolver and ran downstairs. Outside he noticed a figure disappear across the street, which he was pretty sure was that of a Negro. He also noticed a strange car parked in front, and saw a television set in the car that resembled Mrs. Flint's. He then saw a man, whom he identified in court as defendant, come from across the street where he had earlier seen the figure disappear. He asked defendant where he was going and defendant replied that he was going to a house next door,

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

which Jordan knew was vacant. Jordan then asked defendant whose car was the one with the television set in it and defendant answered that it was his. Jordan then put defendant under restraint with the pistol and shot it once to summon Mrs. Flint. Mrs. Flint came and declared defendant to be the one who had entered her apartment. Officers approached and defendant started to leave, whereupon Jordan struck defendant with the revolver causing it to discharge. Officers separated Jordan from defendant and handcuffed the latter.

Officer Dallas, of the Oklahoma City Police Department, answered a call to 314 N.E. 14th about 1:00 a. m. on September 17th, and saw two Negro males in a struggle. He caused them to separate and arrested defendant. He saw the television set in the car and saw it taken into custody by the police laboratory. He observed damage to the door of Mrs. Flint's apartment where entry had apparently been forced. He took a key from defendant that fit the car with the television set in it. No identifiable fingerprints could be obtained from the television set.

Defendant did not testify nor offer evidence in his behalf, and stipulated to the former conviction.

 On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the foregoing recital of facts, it is readily apparent that the proof of defendant's guilt is overwhelming. We follow the rule enunciated in the fourth paragraph of the Syllabus of Ross v. State, Okl.Cr., 411 P.2d 854, wherein we stated:

"Where there is evidence from which the jury could reasonably and logically find the defendant guilty of the crime charged, in the absence of unusual circumstances, this Court will not set aside the jury's verdict on account of insufficiency of the evidence."

We are of the opinion, and therefore hold, that this assignment of error is without merit.

It is next contended that the punishment imposed is excessive. We need only observe that the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BRETT, P. J., and NIX, J., concur.