## The State v. McCunniff.

1. **Criminal Law**: INDICTMENT: NAME OF PERSON INJURED: VARIANCE. An indictment for an assault with intent to kill and murder George J. Farley, whose name thus appeared four times in the indictment, ended thus : " With a felonious intent    *    *    *    to kill and murder said *Frank I. Farley*." *Held* that the court properly instructed the jury that if it was apparent that the writing of *Frank I. Farley* was a clerical error in drafting the indictment, and that George J. Farley was meant, and that defendant was not misled by the mistake, the variance was not fatal, and the defendant should not be acquitted on the ground thereof.

2. **Evidence**: HEARSAY: NO PREJUDICE—NO REVERSAL. The admission of hearsay evidence is no ground for a reversal when no prejudice arises therefrom.

*Appeal from Buchanan District Court.*

THURSDAY, DECEMBER 9.

THE defendant was indicted and tried jointly with one James McCunniff for an assault with intent to commit murder. There was a verdict of guilty of an assault with intent to commit voluntary manslaughter. A motion for a new trial was sustained as to James McCunniff, and overruled as to Frank McCunniff, and he appeals.

*E. E. Hasner*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. The charging part of the indictment was in these words: "The said Frank McCunniff and James McCunniff, on or about the twenty-second day of February, 1884, in the county aforesaid, did, with a certain pistol loaded with powder and balls, the particular description of which is to the grand jury unknown, being a dangerous and deadly weapon, with which the said Frank McCunniff and James McCunniff

were then and there armed, feloniously, unlawfully and willfully, make an assault in and upon one George J. Farley, with the intent to kill and murder the said George J. Farley, and did then and there feloniously, willfully and unlawfully, with the pistol so loaded as aforesaid, discharge the said pistol, so loaded as aforesaid, at, into and against the back and body of the said George J. Farley, thereby wounding the said George J. Farley, with a felonious intent, then and there, by the said Frank McCunniff and James McCunniff, to kill and murder the said *Frank I. Farley*, contrary to the statutes in such cases made and provided."

It will be observed that the indictment charges an assault upon George J. Farley with an intent to kill and murder him, and shooting him in the back and body. These are the facts charged as constituting the assault for which the defendants were put upon trial and convicted. It is true that the indictment also charges that the assault and shooting was done with intent to murder *said Frank I. Farley*. The evidence shows that the defendants were engaged in a fight with George J. Farley in a saloon in Hazelton. It was a violent disturbance, in which chairs and other weapons were freely used by the parties. There were quite a number of persons in the saloon, and in the course of the engagement Frank McCunniff shot Farley in the back or shoulder with a revolver. There is no dispute that Farley was shot and wounded quite seriously, and that Frank McCunniff was the party who inflicted the wound; and there is no evidence that any other man named Farley was in or about the saloon at the time of the fight. The name of *Frank I*. Farley was evidently inserted in the closing part of the indictment by mistake. All of the evidence tends to show this to be the fact, and neither court nor jury would have been warranted in reaching any other conclusion.

The court instructed the jury to the effect that if it was apparent that the writing of the name of *Frank I. Farley* was a clerical error in drafting the indictment, and that it

was intended to charge the felonious assault to have been committed with intent to murder George J. Farley, and that the defendants were not misled by the mistake, the variance was not fatal, and the defendants should not be acquitted on the ground of the mistake in the indictment. The appellant excepted to this instruction, and it is now made the principal ground for a reversal of the judgment. It is urged that the court erred in submitting to the jury the question as to whether the name of *Frank I. Farley* was inserted in the indictment by mistake; that the instruction imposes upon the jury the duty of construing the indictment—a duty which is incumbent on the court. It is further claimed that, when defendant was arraigned and put upon his trial, he had a right to assume that the state would prove that the defendant assaulted George Farley, and shot him, with intent to murder *Frank I. Farley.*

It seems to us that counsel for defendant place too much stress upon the final averment of the indictment. It is distinctly charged that the assault was made with intent to murder George Farley, and the use of the word "said," before naming *Frank Farley*, shows quite clearly that the pleader did not write the name he intended to insert. It is provided by section 4302 of the Code that "when an offense involves the commission or an attempt to commit an injury to the person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the name of the person injured, or attempted to be injured, is not material." And courts are required to disregard defects or imperfections in indictments which do not tend to the prejudice of the substantial rights of the defendant upon the merits.

It was proper for the court to direct the jury to determine, from the evidence, whether the last recital of the name of the person injured, or attempted to be injured, was an error, and whether the defendant was in any way prejudiced by the mistake. All of the evidence showed that it was a mistake,

and that the defendant could not have been misled thereby, and the jury could not have properly found otherwise. *State v. Crawford*, 66 Iowa, 318.

II. Objection is made to the testimony of certain witnesses to the effect that the defendants were in the possession of a revolver at or about the time of the fight. It is claimed that the evidence is hearsay. It is apparent that no prejudice resulted from this evidence, because it appears to be conceded that the appellant shot Farley with a revolver.

2. EVIDENCE: hearsay: no prejudice— no reversal.

AFFIRMED.