# STATE v. POTELLO.

No. 2419. Decided April 19, 1913 (132 Pac. 14).

1. ASSAULT AND BATTERY—ASSAULT WITH DEADLY WEAPON WITH INTENT TO DO BODILY HARM—ELEMENTS. The intent to do bodily harm is the very essence of the offense denounced by Comp. Laws 1907, sec. 4195, punishing every person who, with intent to do bodily harm, assaults another with a deadly weapon. (Page 399.)

2. INDICTMENT AND INFORMATION—VARIANCE FROM PRELIMINARY EXAMINATION—BINDING OVER FOR TRIAL. The binding over on preliminary examination of accused for trial of the offense of assaulting a person named with intent to do bodily harm does not justify an information charging an assault with intent to do bodily harm to another person, and the information must on motion be quashed.[1] (Page 399.)

3. INDICTMENT AND INFORMATION—AMENDMENT AFTER PLEA—ALLOWANCE. The statute does not permit an amendment in substance to an information after plea.[2] (Page 401.)

---

[1] People v. Robinson, 6 Utah, 101, 21 Pac. 403.

[2] State v. Topham, 41 Utah, 39, 123 Pac. 888.

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

Pete Potello was convicted of an assault with a deadly weapon with intent to do bodily harm. He appeals.

REVERSED AND ACCUSED DISCHARGED.

*Geo. B. Greenwood* for appellant.

*A. R. Barnes,* Attorney-General, and *E. V. Higgins, George Buckle* and *G. A. Iverson,* Assistants, for the State.

STRAUP, J.

The defendant was convicted of an assault with a deadly weapon with the intent to do bodily harm. The statute (Comp. Laws 1907, sec. 4195) under which he was prosecuted is: "Every person who, with intent to do bodily harm, and without just cause or excuse, or when no considerable provocation appears, or when the circumstances show an abandoned or malignant heart, commits an assault upon the person of another, with a deadly weapon, instrument, or other thing, is punishable," etc.

The complaint before the committing magistrate is: That the defendant at a time and place specified "did then and there wilfully, unlawfully, and feloniously, with intent to do bodily harm and without just cause or excuse, and when no considerable provocation appeared, and when the circumstances showed an abandoned and malignant heart, make an assault upon the body and person of one Peter Vinassa, then and there being, with a deadly weapon, to wit, a gun, commonly called a six-shooter, and did then and there strike, wound, and beat him (the said Peter Vinassa) with the said deadly weapon, to wit, the six-shooter, in and about the face and head, which said six-shooter he (the said defendant, Pete Potello) then and there had and held in his hand; and so said defendant, Pete Potello, in the manner and way aforesaid, and at the time and place aforesaid, with said

deadly weapon, to wit, a six-shooter, did wilfully, unlaw-
fully, and feloniously make an assault upon the body and
person of him (the said Peter Vinassa) with the specific
and felonious intent to do bodily harm to him (the said Joe
Fenari) without just cause or excuse and without any provo-
cation, and when the circumstances of the assault showed
an abandoned and malignant heart, and did then and there
beat, strike, wound, and illtreat him (the said Peter Vinas-
sa) in and about the head and face, with said deadly weapon,
to wit, a six-shooter, with the specific and felonious intent
to do great bodily harm to him (the said Joe Fenari) con-
trary," etc.    That is, the complaint charged that the de-
fendant beat and wounded Vinassa "with the specific and
felonious intent to do bodily harm" to Fenari.

On that complaint the defendant was given a preliminary
hearing before a magistrate.    The record of the magistrate
as certified to and returned by him to the district court re-
cites:  "It appearing to me, the undersigned justice of the
peace, that the said offense set forth in said complaint has
been committed, and that there is sufficient cause to believe
that the said defendant, Pete Potello, guilty thereof, I order
that the said defendant, Pete Potello, be and he is hereby
held to answer said charge to the district court," etc.    The
district attorney upon such complaint and return filed an
information in the district court charging the defendant with
an assault with a deadly weapon upon the person of Peter
Vinassa with the intent, not to do bodily harm to and upon
the person and body of Joe Fenari, as in the complaint
before the magistrate alleged, but to and upon the person
and body of Peter Vinassa.    The defendant, before plea,
filed a motion to quash the information upon the ground
that he had not been given a preliminary examination upon
the charge set forth in the information, asserting in that
respect that the charge in the complaint before the justice
and the charge in the information constitute two different
offenses; that the gravamen of the charged offense, or at
least an essential of it, is the intent to do bodily harm; and
as that intent in the complaint is charged to do bodily harm

to Fenari, and in the information to Vinassa, the two offenses are different. The motion was denied. The defendant entered a plea of not guilty. A trial resulted in a conviction of the offense as charged in the information, an assault with a deadly weapon to do bodily harm to Vinassa. The defendant appeals. He especially complains of the ruling denying the motion to quash.

In the case of *People v. Robinson,* 6 Utah, 101, 21 Pac. 403, the territorial court, under a similar statute, had under consideration this question: The defendant was indicted of an assault with intent to murder by assaulting one James Hair with a pistol and discharging it "at and against the person of him, the said James Hair, with the intent him (the said James Hair) to then and there wilfully, etc., kill and murder." The court charged: "If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, at the time and place mentioned **1, 2** in the indictment, wilfully, and with malice aforethought, shot out of a loaded pistol at Johnson, with intent to kill him, but missed him and shot and wounded James Hair, then you should find the defendant guilty." The appellate court, in reviewing the charge, stated that the evidence showed that the pistol was aimed and shot at Johnson who knocked it to one side, causing the bullet to strike Hair, and that the intent was to shoot Johnson and not Hair. Said the court:

"If the testimony had closed where the fact of shooting and hitting of Hair by the bullet had been introduced, the legal presumption might have been applicable in determining with what intent the shooting was done. But it was necessary for the jury to find as a fact whether the intent in the mind of the accused existed as charged, and in doing this the jury cannot be controlled by any legal presumption, when the evidence shows the very contrary, that the fact charged did not exist. They must be controlled by the evidence. In the case at bar the testimony did not stop with the simple proof of the shooting and the hitting of Hair, but it went further and disclosed the fact that, although Hair was struck by the bullet, it was not the intent of the defendant to shoot or kill Hair. . . . The defendant may have been guilty of some offense, but it was not that charged against him in the indictment. The instruction of the court, therefore, that if the jury believed that the

defendant shot at Johnson with intent to kill Johnson, but missed him, and hit Hair, they should find the defendant guilty was clearly erroneous. The indictment had charged the defendant with shooting at Hair with intent to kill Hair, and the facts must be proven as laid."

This ruling is supported by the following·cases: *Barcus v. State*, 49 Miss. 17, 19 Am. Rep. 1; *People v. Keefer*, 18 Cal. 637; *State v. Meadows*, 18 W. Va. 658; *State v. Moore*, 178 Mo. 348, 77 S. W. 522; *People v. Christian*, 101 Cal. 471, 35 Pac. 1043; *McLaughlin v. State*, 52 Ind. 279; *Gorman v. State*, 42 Tex. 221. We think this principle is applicable here.

The cases cited by the respondent (*State v. Keerl*, 29 Mont. 508, 75 Pac. 362, 101 Am. St. Rep. 579; *State v. McCunniff*, 70 Iowa, 217, 30 N. W. 489; *People v. McNealy*, 17 Cal. 333; and 22 Cyc. 367) do not make against it. The first seems to have no bearing on the subject. The others relate to questions of surplusage or misnomer. All the cases and the text-writers seem to be of one accord that in such a charge as here the intent to do bodily harm is the very essence of the offense, and that it must be proved as alleged. The variance in the complaint before the magistrate and the information is not one of surplusage or misnomer. In the complaint before the magistrate the intent to do bodily harm is specifically charged "with the specific and felonious intent to do bodily harm to him (the said Joe Fenari)." If such allegations of intent to do bodily harm to Fenari be regarded as surplusage and stricken, then no offense of an assault with the intent to do bodily harm to any particular person is charged in the complaint, but one only of an assault and battery upon Vinassa. And, if that be true, then the defendant was given a preliminary hearing and held to answer for only an assault and battery, a misdemeanor, and informed against in the district court for an assault with intent to do bodily harm, a felony. It needs no argument that the name of Joe Fenari is not a mere misnomer for Peter Vinassa. As well say white is a misnomer for black. Joe Fenari and Peter Vinassa are names of two different

persons. And the evidence conclusively shows that they were two different persons. Both were witnesses in the case. We think the court erred in refusing to grant the motion.

Since our statute does not permit an information, in substance, to be amended after plea (*State v. Topham*, 41 Utah, 39, 123 Pac. 888), it follows that the defendant must be discharged. Such, therefore, is the order.

McCARTY, C. J., and FRICK, J., concur.