ROY LEWIS v. STATE.

No. A-6270. Opinion Filed Feb. 4, 1928.
(263 Pac. 473.)

C. H. Madden, W. M. Williams, Ross Cox, and A. M. Stewart, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

called defendant, was convicted in the district court EDWARDS, J. The plaintiff in error, hereinafter

of Harmon county on a charge of rape in the second degree, and his punishment fixed at confinement in the State Penitentiary for a term of 6 years.

The information contains the usual allegations that defendant accomplished an act of sexual intercourse with one Elmer White, a female of the age of 15 years, not the wife of the defendant. It sufficiently charges rape in the second degree.

The first assignment of error argued is that of variance between the proof and the allegations. The information charges the commission of the offense on August 30, 1925. Only one act of intercourse is sought to be proved, and the proof is the offense was committed on July 30. The prosecutrix in her testimony in chief testified the act was committed on the last Thursday night of August. On being recalled, she testified she was in error in her former testimony; that the act occurred on the last Thursday night of July. Complaint was made to the sheriff of the county on the night of the commission of the offense. He testified that he received this complaint late in the night of July 30 or in the early hours of the morning of July 31. The evidence seems conclusive that the discrepancy in the date alleged in the information and in the testimony of the prosecutrix when first on the stand and when recalled is a mere error in the computation or the fixing of the time. This is the more apparent in view of the fact that the information was not filed until December 6, more than four months after the commission of the offense. It is well settled that the state is not required to prove an offense took place on the exact date charged. A defendant may be convicted upon proof of the commission of the offense at any time within the statute of limitations and prior to the date upon which the information is filed. Section 2559, Comp. St. 1921.

It is argued that defendant did not have nor waive a preliminary examination on the charge for which he was tried, i. e., rape in the second degree, and that the court erred in overruling his motion to quash the information. The preliminary complaint charges rape in the first degree and is in the same language as the information except it contains the additional allegation that the offense was committed by force and violence, against the will and consent of the prosecutrix. It has been often held by this court that where a defendant in a preliminary complaint is charged with a felony and has or waives a preliminary examination, the information based on such proceeding must charge substantially the same offense as that charged in the preliminary complaint. It may vary, however, in degree, means, or circumstances. In the case of Payne v. State, 30 Okla. Cr. 218, 235 P. 558, this court said.

"By the term 'substantially the same offense' is meant offenses varying only in degree, or means, or circumstances. Thus where an offense for which an accused is held is divided into degrees, and the accused is held for the higher, an information may be filed for the lower, or where the details involved differ as to means, methods, or circumstances, and the charge in the information is for some form of that offense and not a different offense, the informing officer may vary the charge in formal and nonessential matters to meet the contingencies of the testimony. But he may not add or charge a new offense. The prosecuting officer, in other words, is not permitted to substitute his judgment for that of the committing magistrate. He must look to the commitment alone for his authority to file an information against an accused. In this particular he acts in a mere ministerial capacity, and is restricted to the crime designated in the commitment or transcript of the magistrate. This particular point seems not to have been heretofore expressly stated by this court. But under similar provision the foregoing rule is definitely stated. People v. Nogiri, 142 Cal. 596, 76 P. 490. State

v. Potello, 42 Utah, 396, 132 P. 14; State v. Sheffield, 45 Utah, 426, 146 P. 306; Solice v. State, 21 Ariz. 592, 193 P. 19; State v. McGreevey, 17 Idaho, 453, 105 P. 1047. * * *"

Since the offense charged in the information is the same act and transaction charged in the preliminary complaint, there was no error in reducing the charge in the information to rape in the second degree instead of charging in the language of the. preliminary complaint rape in the first degree.

It is also argued that the evidence is not sufficient to sustain the verdict and judgment. It is the settled holding of this court in the trial of cases charging rape that, where the testimony of a prosecutrix is not unreasonable or inherently improbable, her evidence alone may be sufficient to sustain a conviction. In the record before us, however, there is considerable corroborating testimony and numerous corroborating circumstances. There is testimony that as soon as the prosecutrix reached her home she made complaint of the offense committed upon her. On the following day she submitted to a medical examination by a physician, who found a laceration of the female organ and a recent rupture of the hymen. Under the assignment, defendant also complains that the prosecutrix is not a competent witness to testify to her own age. The authorities are generally unanimous against this contention. Stevens v. Elliott, 30 Okla. 41, 118 P. 407; Hunter v. State, 6 Okla. Cr. 446, 119 P. 445; 1 Encyc. of Ev. p. 735 (C).

It is also asserted that there is no evidence that prosecutrix was not the wife of defendant. The record discloses that after the announcement of rest, the state asked leave to reopen the case for the purpose of presenting further evidence. The following appears:

"The Court: What is your object?

"Mr. Austin: I don't think the record quite shows clearly this prosecutrix was not the wife of the defendant.

"Mr. Stewart (Counsel for defendant): We will admit she is not the wife of the defendant. * * *"

Without this formal admission, however, we think the circumstances shown sufficiently prove the prosecutrix was not the wife of defendant.

Complaint is further made that the court committed error in permitting R. D. Miller, a member of the bar of Harmon county, to appear as special prosecutor. This contention is not based on the failure of the county attorney to control the proceedings. At the time the offense was committed, another young woman and two other young men were in the party with defendant and the prosecutrix. These other young men were jointly charged with defendant, but a severance was had. Mr. Miller was counsel for the other defendants. They were not witnesses, and there is nothing to indicate that they were present at the trial, and it is not claimed that Mr. Miller ever conversed with defendant. No authority has been called to our attention sustaining this contention. We are thoroughly familiar with the holding of this court in the cases of Steeley v. State, 17 Okla. Cr. 252, 187 P. 821, Hall v. State, 24 Okla. Cr. 197, 217 P. 229, and Ward v. State, 33 Okla. Cr. 182, 242 P. 575. None of these cases are in point. A codefendant may voluntarily testify against a defendant on trial, or he may be called by the state and required to testify. Sections 2696, 2697, Comp. St. 1921; Anderson v. State, 8 Okla. Cr. 90, 126 P. 840, Ann. Cas. 1914C, 400; Brown v. State, 9 Okla. Cr. 382, 132 P. 359.

We do not perceive why the mere fact of employment of an attorney by a defendant jointly charged operates as a disqualification against his appearing against a codefendant.

Lastly, complaint is made that there is misconduct of W. C. Austin, special counsel, in his argument to the jury in saying he was not receiving any fee in the case, but was assisting the county attorney, at his request, because he was interested in the protection of young girls. Proper objection and exceptions were taken. Whether or not this was in response to any argument of defendant's counsel the record does not disclose. This statement does not appear to be of such an inflammatory nature that we can say that it is per se error. We must assume that jurors have a modicum of common sense and understand that counsel who appear for the state or for defendant are not on trial, and their personal views are not necessarily of great importance. They certainly know the business of the jury is to determine the guilt or innocence of the defendant. They are instructed that is to be determined from the evidence introduced and the instructions of the court. Some latitude must be allowed counsel, or oratory will become a lost art. In passing upon questions of improper argument, the courts have had occasion to say that the range of discussion, illustration, and argument is very wide; counsel may quote Scripture or quote poetry, he may shout, pound the table, shed tears, and warn the jury of the prevalence of crime and plead with them to do their duty. Even when counsel go beyond the bounds of legitimate and proper argument, such conduct is not necessarily reversible unless the impropriety was such as may have influenced the verdict of the jury.

No error of sufficient importance to require a reversal is apparent. The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.