## HERSHEL VINCENT v. STATE.

No. A-7829.   Opinion Filed July 18, 1931.
(1 Pac. [2d] 808.)

Clifford W. Ferguson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of rape, and was sentenced to be imprisoned in the state penitentiary for three years.   Motion for new trial was filed, considered, overruled, and exceptions saved.

Irene Ehrhardt testified on behalf of the state that she was born June 20, 1912; lived on a farm the greater part of her life; attended country schools; had worked

some in a restaurant in the town of Hooker, Okla., near where her father lived—"I met the defendant, Hershel Vincent, at Lawrence Kreiger's place in June, 1926; I was fourteen years old at the time I began keeping company with him; I know what you mean by sexual intercourse; the first time he solicited me to have intercourse with me was in September after I met him in June; when he suggested to me we have intercourse I told him that I did not want to, that it was not nice; we had intercourse the first time about the middle of September, 1926; we were up near the Del Monica Hotel, in Hooker, Texas county, Okla.; we walked back to the Del Monica Hotel; it was dark; we went a short distance from the street and I permitted him to have sexual intercourse with me because I loved him and he promised to marry me, if anything should go wrong he would protect me; I was 14 at that time; it was not long after that until we had sexual intercourse again; from September, 1926, for some time thereafter I saw the defendant every week, usually Saturday nights; it was March 15, 1928, and not February 15, 1928, that defendant had sexual intercourse with me; I fix the time by the fact that my father went to Shattuck; I met the defendant and we took an automobile ride; there was another boy friend of his in the car; the other boy got out and we drove out in the country a mile east and turned north on a side road; he stopped the car and we had intercourse."

The testimony further shows that the defendant kept calling on the prosecutrix and had intercourse with her for some time until the fall of the year 1928, when he was advised that the prosecuting witness was pregnant, and thereafter he ceased to go with the prosecuting witness.

An effort was made to show that the prosecuting witness had been associating with other men, but no im-

moral conduct was shown by the witnesses. The proof shows conclusively that the prosecutrix was under the age of sixteen at the time this defendant began cohabiting with her, and the proof is undisputed that the defendant had sexual intercourse with the prosecuting witness, promising to marry her. If the prosecuting witness should become pregnant, he would protect her. The proof further shows on behalf of the state that the defendant was with the prosecuting witness often from the time he first met her up until the fall of 1928 or early part of 1929.

The defendant called several witnesses to show that the prosecutrix had been in the society of other men, but no immoral act or conduct was shown. The defendant did not take the stand.

The defendant has assigned several errors alleged to have been committed by the trial court. The fifth assignment of error is that the court erred in overruling defendant's motion for a new trial. The motion for a new trial embraces all the other assignments. The defendant insists that because of the fact that the information charges the crime of rape as of February 15, 1928, and the court required the state to elect which act of intercourse it would rely upon for conviction, and the state elected to rely upon the act of March 15, 1928, that the proof is not sufficient to sustain a conviction, because the date in the information is alleged to have been February 15, 1928.

Section 2559, C. O. S. 1921, is as follows:

"The precise time at which the offense was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

It is not necessary that the offense alleged should have occurred at the time specified in the information. It is sufficient that the proof show that it occurred at any time within three years next prior to the filing of the information. The information in this case was filed June 8, 1929. The contention of the defendant as to the proof being insufficient to sustain the allegations is without merit. Cecil v. Territory of Oklahoma, 16 Okla. 197, 82 Pac. 654, 8 Ann. Cas. 457.

It is next contended by the defendant that the court erred in refusing to permit the defendant to prove that men, other than the defendant, had had intercourse with the prosecuting witness. The record fails to show that the defendant attempted to prove that other men had had intercourse with the prosecutrix, but the defendant was allowed to prove that the prosecuting witness had been with other men than the defendant on a few occasions, but not one word of testimony shows there had been any illicit relations between the prosecutrix and other men. The defendant in this case is prosecuted for having sexual intercourse with a female under the age of sixteen years, and not his wife, therefore her chastity or lack of chastity was immaterial.

There are other errors assigned by the defendant, but upon a careful examination of the record and argument of counsel, we conclude they are without sufficient merit to warrant a reversal of this case. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law. No fundamental or prejudicial errors appear in the record.

The judgment of the lower court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.