Loren JONES, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14226.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

David Field, Field & North, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Loren Jones, Jr., hereinafter referred to as the defendant, was convicted of the crime of rape in the second degree in the Superior Court of Garfield County, Oklahoma, and sentenced to three years imprisonment. An appeal of the judgment and sentence was then perfected to this Court.

The defendant, age 17, was charged in Special Sessions Court of Garfield County on July 16, 1966, with first degree rape. On July 20, 1966, a preliminary hearing was held and defendant was bound over to District Court for trial without bond. On September 13, 1966, the matter came on for trial in the District Court before Judge Tom Blaine with defendant present, and represented by counsel. At this time, the state's motion to continue was granted and the trial was then set for October 31, 1966. However, on September 15, 1966, on motion by the County Attorney, the cause was transferred to the Superior Court of Garfield County by the District Court's order vacating the previous order setting the cause for trial in the District Court on October 31. Thereafter, on September 19, the Superior Court, with defendant present and represented by counsel, entered an order admitting defendant to bail fixed at One Thousand ($1000.00) Dollars and set the cause for trial on October 3, 1966. When this cause came on for trial on October 3, in the Superior Court, after the jury had been selected, defendant's counsel objected to the previous transfer from the District Court to the Superior Court. Said objection was overruled and the case proceeded to trial.

It is defendant's first specification of error that the Superior Court was without jurisdiction when the case was transferred from the District Court to the Superior Court as there was no notice or opportunity for hearing to defendant regarding such transfer after the matter had been set for trial in the District Court.

Title 20, O.S.1961, § 175, was applicable at the time of this trial, although it had been subsequently repealed by the Legislature in 1968 when the District Courts of Oklahoma became the successors to other courts under judicial re-organization. Section 175, supra, provided as follows:

"*The District Court or judge thereof,* in any county wherein a Superior Court exists may, in his discretion, *at any time,* transfer any cause pending and undetermined therein to the Superior Court of said county. * * * In all counties in which a Superior Court is held at the county seat, and at no other place, the judges of the said superior courts and the judges of the district courts shall, upon motion of either party to the action transfer such cause or causes by order to the District Court or Superior Court, as the case may be, except where such cause is regularly set down for trial. Upon such transfer being made, such cause shall stand for trial in the court to which it has been so transferred as if it had been originally filed therein, and in such cases the court clerk shall transfer the original files to the court to which said cause had been so transferred." (emphasis added)

It is defendant's contention that the case was set down for trial in the District Court at the time that the order of transfer was entered, and thus the Superior Court was without jurisdiction. However, other than a reference to Section 175, supra, defendant cites no authority in support of his proposition other than cases referring to the necessity for a speedy trial. The first part of Section 175 indicates a transfer may be effected at any time by the court; while the latter part provides for transfer upon motion by one party. It would thus appear a transfer could be effected by the judge without a request by either party anytime before determination.

An examination of the casemade reveals that on September 19, 1966, defendant with counsel was present before the Superior Court when that court, by virtue of the transfer order, accepted jurisdiction, set bail for defendant, and set the trial date for October 3, 1966. There is no indica-

tion whatsoever that defendant at this time objected to the transfer to the Superior Court. It is readily apparent that the October 3, 1966 trial date set in the Superior Court provided the defendant with a speedier trial than if the case had remained in the District Court where it was scheduled for trial on October 31, 1966. Both before the trial court and on appeal, defendant has argued the necessity for a speedy trial in connection with his argument that it was error for the District Court to transfer the cause. There would appear to be some inconsistency on the part of the defendant where he objects to the transfer on one hand, and yet, he received a speedier trial by virtue of such transfer.

Both defendant and his counsel were present at the time the Superior Court acted on the order of transfer and participated in the benefits of such transfer which allowed him to bail for the first time, and allowed him a speedier trial date. Defendant claims he received no notice of the transfer or opportunity for hearing on such. However, it is clear that the objective of any notice is to apprise the affected parties in order that they may take such action as is necessary to protect their interest. It appears, in the instant case, that defendant and his counsel were sufficiently apprised of events; that they were present before the Superior Court on September 18, 1966; participated in the proceedings; and, were in a position to protect his interest.

The Supreme Court of Oklahoma interpreted 20 O.S.1961, § 175, in Price v. Peeples, 66 Okl. 139, 168 P. 191, wherein the validity of a transfer from the District Court to the Superior Court was questioned. In that case, the Supreme Court held:

"There is no question that the superior court had jurisdiction of the subject-matter of this action, and had power and authority to render the judgment which was rendered. The only other element of jurisdiction necessary to impower the court to act and render judgment was jurisdiction of the persons of the parties.

The defendants * * * submitted their person to the jurisdiction of the court, and cannot now be heard to say that said court did not have jurisdiction of their persons."

█ In the instant case, we find that the defendant acquiesced in the transfer to Superior Court in that he was present before the court on September 19, 1966, where he was apparently a willing party to the proceedings, participated in the benefits of said transfer, and raised no objection to the transfer until after the jury had been selected on October 3, 1966. We find no merit in the argument that defendant was denied a speedy trial by virtue of the transfer, nor do we find that defendant was in any way prejudiced or harmed by said transfer. We are, therefore, of the opinion that the Superior Court of Garfield County had jurisdiction over the person and subject matter to impose the judgment and sentence rendered herein.

█ It is defendant's second contention that the trial court committed error in allowing evidence as to the commission of the crime of rape on May 28, 1966, rather than the date of May 21, 1966, which was alleged in the information. By allowing this evidence as to a date other than that specified in the information, defendant argues that he was forced to go to trial without a preliminary hearing, had no opportunity to prepare for his defense, and that there was a variance in the proof and the pleadings.

In a similar case, Lewis v. State, 39 Okl. Cr. 119, 263 P. 473, the information charged the defendant with the criminal offense of rape committed on August 30, 1925. However, during the course of the evidence in chief, testimony revealed that the offense occurred on July 30, 1925, or one month previous to the date set forth in the information. This Court, in affirming the conviction, held:

"It is well settled that the state is not required to prove an offense took place on the exact date charged. A defendant

may be convicted upon proof of the commission of the offense at any time within the statute of limitations and prior to the date upon which the information is filed."

Title 22, O.S.1961, § 405, provides as follows:

"The precise time at which the offense was committed need not be stated in the indictment or in the information; but it may be alleged to have been committed at any time before the filing thereof, except where the time is a material ingredient in the offense."

This statute was cited by this Court in the early case of Vincent v. State, 51 Okl.Cr. 320, 1 P.2d 808, where the information charged the offense of rape occurring on February 15, 1928, and the evidence at the trial indicated the occurrence on March 15, 1928. This Court, in affirming the conviction, held, at page 809:

"It is not necessary that the offense alleged should have occurred at the time specified in the information. It is sufficient that the proof show that it occurred anytime within three years next prior to the filing of the information."

It appears from the record that it did not come to the attention of the prosecuting attorney until the day before the trial that there was a mistake as to the date of the crime as alleged and committed. The state, in its opening statement then notified the trial court, as well as the defense, that it would prove the commission of the crime on May 28, 1966, rather than the date alleged in the information. At the close of the state's evidence, the defendant moved for a mis-trial and a continuance, based on the fact that the state had proved that the crime was committed on a different date than that stated in the information. Specifically, the defendant asked for two days in order to prepare for the defense. The trial court thereupon recessed on Tuesday, at 3:30 p. m. October 4, 1966, until Thursday morning at 9:00 a. m. October 6, 1966. However, on October 5, 1966, at 1:30 p. m., the court re-convened upon the

announcement that defendant was ready to proceed with the trial.

The defendant argues that he was relying on the defense of alibi, and that having to prove the occurrence of the crime on a date other than that specified in the information surprised him and prevented an adequate defense. However, it is noted that the defendant himself failed to notify the state that he was relying on the defense of alibi as required by 22 O.S.1961, § 585, in any event, it is clear that the defendant was given time by the trial court, after the presentation of the state's evidence, in which to prepare for his defense. Apparently, the defendant did not need the full time granted by the trial court and proceeded with his defense sooner than required. We therefore conclude that there is no indication from the record that the defendant was prejudiced or unable to prepare adequately for his defense due to the evidence showing that the crime was committed on a date other than that specified in the information. Therefore, in view of the statutes and the prior decisions of this Court, we are of the opinion that the trial court, in the instant case, properly exercised its sound judicial discretion in allowing evidence of the commission of the crime of rape on May 28, 1966, rather than on May 21, 1966, as alleged in the information.

It is defendant's third allegation that the trial court committed error in its failure to declare a mistrial because of the "gross conduct" of the county attorney, who, in front of the jury, fanned a number of allegedly bogus checks in his hand; and, in his closing argument, referred to the defendant as "lad, which rhymes with cad, sad, mad, bad".

We find no objection by defendant either to the county attorney's remark about "lad", supra; nor the reported waving of numerous bogus checks in front of the jury. The defendant did object to questioning by the state as to defendant's bad checks, where there was no criminal conviction. However, the de-

fendant took the stand and testified in his own behalf and attempted to establish his former good character and conduct. Therefore, the question of passing bogus checks was properly before the jury. The defendant had put his truth and veracity in issue and he cannot complain if his credibility is questioned. Turner v. Nicholson, 143 Okl. 45, 287 P. 396; Davis v. State, 58 Okl.Cr. 139, 50 P.2d 755; and, Gillaspy v. State, 96 Okl.Cr. 347, 255 P.2d 302.

■ The remark in the closing argument which defendant claims was prejudicial error occurred when the county attorney, Mr. Swanson, in reference to the defendant, stated:

"* * * I don't know why he is always a lad, unless it is intended to be poetic. And, if that is the intention, it is wisely picked, because lad certainly rhymes with cad, sad, mad, and bad. And, they all fit."

The defendant made no objection at the time this statement was made.

In Crowell v. State, 42 Okl.Cr. 392, 276 P. 518, this Court held:

"A conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant."

In Ballard v. State, 92 Okl.Cr. 420, 223 P.2d 782, this Court held in the fourth paragraph of its syllabus, as follows:

"A conviction will not be reversed where remarks of counsel in argument are assigned as error, in absence of showing that such argument, in view of the entire record, affected the defendant's substantial rights, or caused prejudice against him in the minds of the jurors."

We are not of the opinion that the statement by the county attorney was so shocking and inflammatory [in the instant case] as to have prejudiced the jurors. Indeed, the failure of the defendant to object to the remark would seem to indicate that even he did not consider it inflammatory at the time of its occurrence. Likewise, in view of the relatively light sentence imposed of three years, it would appear that the jury was not inflamed nor prejudiced by the remark of the county attorney. Accordingly, we find this assignment of error to be without merit.

■ It is defendant's fourth contention of error that it was error for the District Court Judge, Honorable Tom R. Blaine, from whose court the trial had been transferred, to be present in the courtroom at the trial, as it limited the jury's fair and impartial consideration of the issues. In his argument, the defendant states: "Under no circumstances should a prior trial judge who had anything whatsoever to do with a criminal case, appear before a jury or set in the courtroom."

The defendant cites no authorities in support of his proposition nor are we aware of a holding to this effect. It is a familiar rule of this Court, as was stated in Austin v. State, Okl.Cr., 419 P.2d 569, that:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and citation of authority. When this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred."

In the instant case, it is difficult to see how defendant could have been prejudiced by the mere presence of Judge Blaine in the courtroom as a spectator during the trial of the case. It is to be noted that Judge Blaine was never before the jury in any official capacity. It is not even clear from the record that the jury was aware that Judge Blaine was present in the courtroom. We cannot agree that the mere presence of another judge in the courtroom as a spectator during a trial constitutes reversible error. Accordingly, we find defendant's fourth specification of error to be without merit.

Defendant's fifth contention is that the accumulation of errors, both in and before the trial, denied him due process of law and therefore requires a reversal of conviction. Again, defendant fails to cite any authorities in support of his position. Although it might be possible that under certain circumstances, an accumulation of errors might require a new trial, such does not appear to be the situation in the instant case.

Generally speaking, the occurrence of several harmless errors which individually are insufficient to require a new trial, would not, by their aggregation, justify the granting of a new trial. This point was expressed previously by this Court in Smith v. State, Okl.Cr., 290 P.2d 170, 175:

"It is our further thought that even a number of errors are insufficient to cause a reversal where such errors are not prejudicial to the substantial rights of the accused, and where the evidence is conclusive of guilt as in this case."

We have carefully considered the record in this case, and the very exhaustive briefs filed by Mr. David Field, on behalf of the defendant; and, by Mr. Jerry Holland, Assistant Attorney General; and, are of the opinion that this defendant had a fair and impartial trial, and that the evidence supports the verdict of the jury.

Therefore, the judgment and sentence of the Superior Court of Garfield County is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.