The STATE of Oklahoma, Appellant,

v.

Clyde Earl HOLLOWAY, Jr., Appellee.

No. F-73-64.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1973.

Curtis P. Harris, Dist. Atty., Raymond Naifeh, Asst. Dist. Atty., for appellant.

T. Hurley Jordon, Asst. Public Defender, Oklahoma County, for appellee.

## OPINION

BLISS, Presiding Judge:

The defendant Clyde Earl Holloway, Jr., was charged and tried in the District Court of Oklahoma County, Oklahoma, on an Information alleging that on or about the 25th day of March, 1972, said defendant committed the crime of Grand Larceny. Upon trial, the State presented its case in chief and the defendant demurred to the State's evidence upon the ground that there was a variance between the proof as to the date of the commission of said crime, March 11, 1972, and the date set out in said Information, March 25, 1972. The trial court, after hearing arguments, sustained said demurrer and directed a verdict of not guilty. The State thereupon announced its intention to appeal and this timely appeal was subsequently perfected upon a reserve question of law pursuant to 22 O.S.1971, § 1053(3).

Due to the nature of this appeal, it is not necessary to recite the facts in full as presented by the State's case in chief. The State's sole proposition of error urges that the trial court erred in sustaining the defendant's demurrer and directing a verdict of not guilty for the sole reason that the Information alleged that the crime charged was committed on or about the 25th day of March, 1972, when evidence presented proved the offense to have been committed on the 11th day of March, 1972, said date being within three (3) years prior to the date of the filing of the Information.

Title 22 O.S.1971, § 405, provides as follows:

"The precise time at which the offense was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

In the recent case of Jones v. State, Okl.Cr., 453 P.2d 393, this Court, citing Lewis v. State, 39 Okl.Cr. 119, 263 P. 473, and Vincent v. State, 51 Okl.Cr. 320, 1 P.2d 808, held that it is a well-settled general rule that the State is not required to prove an offense took place on the exact date alleged in the Information. The defendant may be convicted upon proof of the commission of the offense at any time within the Statute of Limitations and prior to the date of the filing of said Information.

In the *Jones* case the prosecuting attorney did not realize the date discrepancy until the day before the trial. The State in its opening statement then notified the trial court and the defense that it would prove the commission of the crime on the true date rather than the date alleged in the Information. At the close of the State's evidence, the defendant moved for a mistrial and a two day continuance to prepare his defense. The continuance was granted and upon resumption of trial the defendant was convicted.

On appeal the Defendant Jones argued that he was relying on the defense of an alibi and, therefore, was prejudiced by the

change of date. This Court noted that the defendant failed to notify the State of his reliance on the defense of alibi and the defendant was further given as much time as he requested to prepare a defense based upon the new date. This Court, therefore, held that there was no indication from the record that the defendant was prejudiced or unable to prepare adequately for his defense. Therefore, in view of the statutes and the prior decisions of the Court, it was the Court's opinion that the trial court properly exercised its sound judicial discretion in allowing evidence of the commission of the crime charged on the true date rather than the date alleged in the Information after allowing the Defendant Jones all time reasonably necessary to prepare his defense.

In the instant case the defendant gave no indication whatsoever that his defense was an alibi or that the precise date of the offense was in any way material to his defense. No continuance was requested.

■ The prosecutor, once he becomes cognizant of the variance between the date to be proved and the date alleged, should immediately notify the trial court and the defendant. If the precise date is material to the defense, the defendant is then entitled to a continuance for a reasonable length of time to prepare his defense.

■ It is, therefore, this Court's opinion that the trial court erred in sustaining the defendant's demurrer in the instant case and said error amounts to an abuse of discretion. The judgment of the District Court of Oklahoma County is reversed.

■ The State appealed this case on a reserve question of law. The trial court rendered its judgment of dismissal. Such a judgment is final and the defendant may not be subjected to further prosecution in this case. See State v. Waldrep, 80 Okl. Cr. 230, 158 P.2d 368 (1945), Belveal v. Rambo, Okl.Cr., 487 P.2d 714 (1971) and United States v. Jorn, 400 U.S. 470, 91 S. Ct. 547, 27 L.Ed.2d 543 (1970).

BUSSEY and BRETT, JJ., concur.