Glenn James ROBEDEAUX, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–95–510.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1995.

An Appeal from the District Court of Oklahoma County; Daniel L. Owens, District Judge.

Robert W. Jackson, Vicki Ruth Adams Werneke, Assistant Appellate Indigent Defenders, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General of Oklahoma, Sandra D. Howard, Assistant Attorney General, Oklahoma City, for Respondent.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

CHAPEL, Vice Presiding Judge.

Glenn James Robedeaux was tried by jury and convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.Supp. 1982, § 701.7 in the District Court of Oklahoma County, Case No. CRF–85–6362. After finding that the murder was especially

heinous, atrocious or cruel, that Robedeaux constituted a continuing threat to society, and that Robedeaux had prior violent felony convictions, the jury sentenced him to death.

This Court affirmed Robedeaux's conviction and sentence in *Robedeaux v. State*,[1] and subsequently denied his petition for rehearing. The United States Supreme Court denied Robedeaux's petition for writ of certiorari on October 3, 1994.[2] On April 3, 1995, Robedeaux filed an application for post-conviction relief in Oklahoma County District Court.[3] That application was denied on May 10, 1995. Robedeaux now appeals the district court's denial of his application for post-conviction relief.

## ISSUES BARRED BY RES JUDICATA

Robedeaux raises five propositions in his post-conviction appeal. He concedes that errors alleged in propositions one,[4] two[5] and three[6] are barred as *res judicata* because this Court thoroughly considered and rejected them on direct appeal.[7] Nonetheless, Robedeaux urges us to revisit them, claiming that unartful appellate presentation obscured their merit.

Post-conviction review does not afford defendants the opportunity to reassert claims "in hopes that further argument alone may change the outcome in different proceedings."[8] This Court will not review Robedeaux's new spin on old allegations of error which we ably and thoroughly addressed

---

1. 866 P.2d 417 (Okl.Cr.1993). However, this Court found insufficient evidence to support the heinous, atrocious or cruel aggravator. *Id.* at 435.

2. *See Robedeaux v. Oklahoma*, —— U.S. ——, 115 S.Ct. 110, 130 L.Ed.2d 57 (1994).

3. The Post–Conviction Procedure Act, found at 22 O.S.1991, §§ 1080–1089, sets forth the rules governing defendants' challenges to a conviction and/or sentence after resolution of their direct appeal.

4. *Robedeaux*, 866 P.2d at 424–25 (concluding that admission of gruesome photos was not error).

5. *Id.* at 425 (concluding that prosecution witness's reference to Robedeaux's previous incar-

ceration was inadvertent and that trial court's admonishment cured any potential error).

6. *Id.* at 431 (concluding that trial court's refusal to grant Robedeaux a continuance to secure attendance of expert witness was not an abuse of discretion).

7. *See Ross v. State*, 872 P.2d 940, 941 (Okl.Cr.), *cert. denied*, —— U.S. ——, 115 S.Ct. 441, 130 L.Ed.2d 352 (1994). *See also Fowler v. State*, 873 P.2d 1053, 1055 (Okl.Cr.), *cert. denied*, —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994).

8. *Hooks v. State*, 902 P.2d 1120, 1124 (Okl.Cr. 1995) (quoting *Fowler v. State*, 896 P.2d 566, 570 (Okl.Cr.1995)).

on direct appeal.[9] Accordingly, propositions one through three are denied.

## ISSUE TECHNICALLY WAIVED BUT ULTIMATELY PRESERVED UNDER RUBRIC OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

■ Robedeaux claims in his fourth proposition that his trial was unfair because there was an impermissible variance between the time of the offense as alleged in the information and the time of the offense as described by the prosecutor to the jury during first stage closing argument. Robedeaux technically waived this alleged trial error by failing to present it on direct appeal.[10] However, he now claims that appellate counsel's failure to argue this error on direct appeal constituted ineffectiveness. Because this is Robedeaux's first opportunity to allege and argue that appellate counsel was ineffective for failing to raise an error on direct appeal, we will not consider the "impermissible variance" issue procedurally barred.[11] Rather, we will address it on the merits insofar as it is dispositive of Robedeaux's ineffective assistance of appellate counsel claim. To meet both the deficient performance and prejudice prongs of the *Strickland v. Washington*[12] test, Robedeaux must establish that the issue his appellate attorney failed to raise warrants reversal, modification of sentence, or remand for resentencing.[13] Robedeaux has not met this burden.

The third amended information filed against Robedeaux alleged that the murder occurred on or about September 22, 1985. At trial, two prosecution witnesses testified that from about 10:00 or 10:30 p.m. on September 22, 1985, until about 2:00 a.m. on September 23, they heard loud thumping noises from the apartment above them where Robedeaux and the victim, his girlfriend, lived. Several defense witnesses later testified that on September 22, Robedeaux was playing drums with their band at a club from about 7:00 p.m. until 11:00 or 12:00 p.m. During first stage closing, the prosecutor told the jury that while the evidence conclusively established the victim was killed at some point after noon on September 22, it was incapable of providing the exact hour of her death. The prosecutor then stated that the victim could have been killed either that afternoon or early the next morning—times for which Robedeaux's alibi did not account.

Robedeaux claims that by telling the jury the homicide could have been committed either on the date alleged in the information (September 22) or the following morning (September 23), the prosecutor effectively nullified his alibi defense which had established his whereabouts only on the evening of September 22. Since Robedeaux had relied upon the date in the information in formulating his alibi defense, he claims the prosecutor's argument that the homicide could have occurred the day after the date listed in the information was fundamentally unfair.

■ It is well-settled that the State "is not required to prove an offense took place on the exact date charged."[14] Unless time is a "material ingredient" of the offense charged, the State may describe in the information the time of the charged offense using imprecise language such as "on or about."[15] Time is not a material ingredient of first degree murder—the crime at issue in this case—since the statute defining that offense does not make it so.[16] The State was thus

---

**9.** *See Hooks,* 902 P.2d at 1124; *Mann v. State,* 856 P.2d 992, 994 (Okl.Cr.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Nguyen v. State,* 844 P.2d 176, 178 (Okl. Cr.1992), *cert. denied,* — U.S. —, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993).

**10.** *See Fowler,* 873 P.2d at 1056; *Mann v. State,* 856 P.2d at 993; *Rojem v. State,* 829 P.2d 683, 684 (Okl.Cr.), *cert. denied,* 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992).

**11.** *Hooks,* 902 P.2d at 1123.

**12.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**13.** *Mann,* 856 P.2d at 994; *Nguyen,* 844 P.2d at 179–80.

**14.** *Jones v. State,* 453 P.2d 393, 396 (Okl.Cr. 1969).

**15.** *See* 22 O.S.1991, § 405.

**16.** *See Lemmon v. State,* 538 P.2d 596, 601 (Okl. Cr.1975) (concluding that time is a material ingredient of the offense for purposes of section

entitled to describe the murder as having been committed "on or about" September 22, 1985.[17]

Robedeaux concedes this general rule, but argues that once he asserted an alibi defense explaining his whereabouts on the September 22 date listed in the information, it was fundamentally unfair for the State to argue that the crime occurred at any other time. To support this argument, Robedeaux cites two cases in which this Court acknowledged that a defendant could be unfairly prejudiced if he or she prepared an alibi defense in response to a date listed in the information, only to have the State present evidence at trial that the charged offense occurred on a different day.[18] In *Holloway* and *Jones,* this Court held that a defendant in this circumstance would be entitled to a continuance to adjust his or her defense to meet the amended crime date. Robedeaux claims he suffered the same wrong identified in *Holloway* and *Jones;* and, that because that wrong occurred during closing argument rather than at the inception of trial, he could not remedy it through a continuance and must now be granted relief. We disagree.

Unlike the case at issue, the crime date variance between the information and the State's evidence in *Holloway* and *Jones* was two weeks in the former and seven days in the latter. A defendant who asserts an alibi defense would certainly be unfairly prejudiced if the State's evidence and argument showed the crime was committed *days earlier or later* than what was alleged in the information. That, however, is not what occurred in Robedeaux's trial.

██ The State alleged the homicide occurred on or about September 22, 1985, and then argued during closing that the evidence showed it could have occurred during the *early morning hours* of *the next day,* September 23. While the State's argument did dilute Robedeaux's alibi defense which covered only the evening hours of September 22, that argument did not materially depart from the time of the offense as charged in the information. Robedeaux was on notice that the State would argue the homicide occurred "on or about" September 22, and he chose to present an alibi defense which addressed *only the evening hours* of September 22.[19] The fact that Robedeaux either could not or did not provide an explanation for his whereabouts during the hours immediately preceding and following the evening of September 22 did not preclude the State from subsequently telling the jury that the evidence showed the homicide could have been committed during those times.

The State's argument, which was consistent with the date alleged in the information and which Robedeaux could easily have anticipated, was not unfair. Appellate counsel was thus not ineffective in failing to raise the material variance issue on direct appeal. Proposition four is denied.

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his fifth and final proposition, Robedeaux provides evidence by way of affidavit, which was admitted into evidence in the district court post-conviction proceedings, that he suffers from "organic brain damage," and argues that this condition could have caused him to commit the homicide during a mental "blackout." He claims his Eighth Amendment right to individualized sentencing was

---

405 only if the statute defining the offense makes it so; an example of such a statute would be one mandating Sunday closings, also known as a "blue law").

17. *See Jones,* 453 P.2d at 396. Defense counsel was also well aware that the State could neither have established nor have claimed to have established the exact time of the victim's death. Her dismembered remains were not discovered until months after she was killed.

18. *See State v. Holloway,* 516 P.2d 1346, 1347–48 (Okl.Cr.1973); *Jones,* 453 P.2d at 396–97.

19. We also note that the State's evidence suggesting the homicide might have occurred during the early morning hours of September 23 was presented by its **first two witnesses.** Had Robedeaux believed at that early stage of trial that the State was unfairly departing from the date of the offense alleged in the information, he could have said so and asked for a continuance—under the authority of *Holloway* and *Jones, supra*—to adjust his alibi defense. By failing to make a timely objection, Robedeaux waived his right to subsequently assert this issue.

violated because trial counsel did not present this mitigating evidence to the jury during the sentencing phase.[20] Robedeaux tenders the alleged Eighth Amendment violation as proof that trial counsel was ineffective in failing to discover and present this available mitigating evidence to the jury.

The facts giving rise to Robedeaux's interwoven constitutional claims are contained within the appellate record. These claims thus could have been raised on direct appeal. Because they were not, they have been waived.[21]

The record reflects that during sentencing, defense counsel presented expert testimony regarding the arguably mitigating results of the psychiatric evaluation ordered for Robedeaux. Appellate counsel had the opportunity to review this testimony and the mental evaluation upon which it was based. Had he found sufficient reason to suspect either that the evaluation was insufficient or incomplete, or that trial counsel failed to enlist an adequate or appropriate physician to conduct it, he could have investigated. If that investigation resulted in a determination that Robedeaux's constitutional rights had been violated, appellate counsel could have presented those claims on direct appeal.

Instead, *post-conviction* counsel reviewed the trial record, decided to have Robedeaux reevaluated, and now argues in the application that conclusions reached from the new evaluation prove his client's constitutional rights were violated at trial. While the

new psychiatric evaluation Robedeaux now offers to support his Eighth and Sixth Amendment claims was not part of the trial record, the seeds of these claims were planted there. Because counsel on direct appeal did not cultivate them, claims arguably based on them have been waived.[22]

After a thorough review of Robedeaux's post-conviction application, the district court's findings of fact and conclusions of law, and Robedeaux's brief appealing those findings and conclusions, we find that he is not entitled to relief. We therefore **AFFIRM** the district court's order denying Robedeaux's application for post-conviction relief.

JOHNSON, P.J., and LUMPKIN, LANE and STRUBHAR, JJ., concur.

---

20. We have held that a death sentence imposed without consideration of **any** mitigating circumstances does not automatically violate a capital defendant's Eighth Amendment right to individualized sentencing. *See Wallace v. State*, 893 P.2d 504, 511 (Okl.Cr.1995).

21. *Berget v. State*, 907 P.2d 1078 (Okl.Cr.1995) (ineffective assistance of trial counsel claims which are grounded in facts which can be discerned through a review of the appellate record must be raised on direct appeal or they are waived).

22. Even if Robedeaux had not waived his Sixth Amendment claim, it does not warrant relief. The doctor who conducted Robedeaux's recent psychiatric evaluation did not reach conclusions which were profoundly or significantly different from those reached and presented to the jury by

the original defense psychiatrist. After reviewing the mitigating and aggravating evidence presented during the sentencing phase of Robedeaux's trial, we cannot say that had the jury heard the new mitigating evidence provided by post-conviction counsel, it would have resulted in the imposition of a penalty other than death. Thus, even if trial counsel's failure to insist that the defense psychiatrist explore whether Robedeaux suffered from "organic brain damage" could be considered deficient performance, there is no resulting prejudice since that evidence would have had no impact on the jury's decision to impose the death penalty. *See Brewer v. Reynolds*, 51 F.3d 1519, 1527 (10th Cir.1995). *See also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *LaFevers v. State*, 897 P.2d 292, 307 (Okl.Cr.1995). Accordingly, Robedeaux's trial counsel was not ineffective.