OPINION ON REHEARING
 

 Per Curiam:
 

 Appellants were each convicted, pursuant to a jury verdict, of twenty-one counts of sale of an unregistered security in violation of NRS 90.460. On appeal to this court, appellants’ cases were consolidated for review. On April 6, 2000, this court issued an opinion affirming each appellant’s convictions for four counts of sale of an unregistered security and reversing each appellant’s convictions for the remaining seventeen counts on grounds of insufficient evidence.
 
 See
 
 Fullerton v. State, 116 Nev. 435, 997
 
 *908
 
 P.2d 807 (2000). Thereafter, the State timely petitioned this court for rehearing.
 
 [1]
 

 The State raises two issues on rehearing. First the State contends that this court overlooked or misapprehended the applicable law with respect to the burdens of production and proof related to the limited/small offering exemption at NRS 90.530(11). We are persuaded that rehearing is warranted as to this issue, and we grant rehearing for the limited purposes of clarifying the applicable law.
 

 NRS 90.460 makes it “unlawful for a person to offer to sell or sell any security in this state unless the security is registered or the security or transaction is exempt under [NRS chapter 90].” Exemptions from registration for certain transactions are set forth at NRS 90.530. At issue in this case is the limited/small offering exemption at NRS 90.530(11). This exemption may not be claimed with respect to a transaction involving the offer to sell or sale of an unregistered security unless “[n]o commission or other similar compensation is paid or given, directly or indirectly, to a person, other than a broker-dealer licensed or not required to be licensed under [NRS chapter 90], for soliciting a prospective purchaser in this state.” NRS 90.530(ll)(c).
 

 In addressing the sufficiency of evidence to support appellants’ convictions in our earlier opinion, we concluded that the evidence adduced at trial proved only that appellants paid to Mr. McVickers
 
 [2]
 
 commissions for the sales of unregistered securities alleged in four counts of the amended indictment.
 
 Fullerton,
 
 116 Nev. at 437-40, 997 P.2d at 809-11. However, we further concluded that no evidence was adduced by the State to show that commissions were paid in connection with the transactions alleged in the remaining seventeen counts.
 
 Id.
 
 at 439-40, 997 P.2d at 810-11. Thus, we reversed the convictions for insufficient evidence on those counts relative to which no payment of commissions was proved by the State.
 
 Id.
 
 at 440-41, 997 P.2d at 810-11.
 

 Our opinion did not address the applicable burdens of proof and production pursuant to NRS 90.690(2), which states that “[i]n a criminal proceeding, the burden of going forward with evidence of a claim of exemption or exception from a definition is on the person claiming it.” This provision derives from and is identical to Section 608(b) of the Revised Uniform Securities Act of 1985,
 
 *909
 
 and should be interpreted consistently therewith.
 
 [3]
 
 The provision is intended to make clear that, “[w]hile the standard of proof that the prosecuting attorney is required to meet to obtain a conviction is establishing the requisite elements of the criminal offense ‘beyond a reasonable doubt,’ a defendant claiming an exemption or exception as a defense has the burden of offering evidence to establish that defense.” Uniform Securities Act (1985) § 608 cmt. 2 (amended 1988), 7B U.L.A. 210 (Supp. 2000).
 

 Consistent with, the Uniform Securities Act, in a prosecution for a violation of NRS 90.460, the State has the burden of proving that: (1) the defendant offered or sold a security in Nevada; and (2) the security was not registered.
 
 See
 
 State v. Kershner, 801 P.2d 68, 69-70 (Kan. Ct. App. 1990) (interpreting similar Kansas statute patterned after the Uniform Securities Act);
 
 see generally
 
 12A Joseph C. Long, Blue Sky Law § 8.02[1] (1999) (interpreting Uniform Securities Act). Pursuant to NRS 90.690(2), the State is not required to prove the lack of an exemption until the defendant injects some competent evidence showing his entitlement to the exemption; however, once the defendant produces such evidence, the State bears the burden of proving beyond a reasonable doubt that the exemption does not apply.
 
 Cf. Kershner,
 
 801 P.2d at 70 (upholding similar interpretation under Kansas statutes);
 
 see generally
 
 12A Long, Blue Sky Law § 8.02[2][a]; 79A C.J.S.
 
 Securities Regulation
 
 § 450 at 514-15 (1995).
 

 On rehearing, the State argues that appellants failed to present sufficient evidence showing nonpayment of commissions to meet their burden pursuant to NRS 90.530(1 l)(c) and NRS 90.690(2).
 
 [4]
 
 Thus the State asserts that it was not required to prove nonavailability of the exemption. We disagree.
 

 
 *910
 
 Our review of the evidence shows that Me Vickers testified that he was paid commissions on six sales of First Phoenix stock. However, Me Vickers’ testimony only linked four of the commissions paid to specific counts alleged in the amended indictment— counts HI, VI, VIII and IX. Fullerton’s testimony showed that he paid the commissions on the sales of securities identified by Me Vickers’ testimony, not on the remaining sales within the issue. We conclude that Fullerton’s testimony was sufficient to meet appellants’ burden of producing some competent evidence that commissions were not paid on the seventeen sales not identified as a basis for commissions received by McVickers. Therefore, consistent with NRS 90.690(2), the State was required to prove beyond a reasonable doubt that appellants in fact paid commissions for the remaining seventeen sales alleged in this case and thus were not entitled to claim the exemption as to those sales. This it failed to do. Accordingly, we reaffirm our previous reversal of appellants’ convictions on all counts save counts III, VI, VIII and IX.
 

 The State additionally contends that rehearing is warranted because this court overlooked or misapprehended the law regarding whether the payment of commissions on any sale of securities vitiates the availability of the limited offering exemption at NRS 90.530(11) on other sales within the issue. We conclude that the State has failed to demonstrate that rehearing is warranted on this issue.
 
 See
 
 NRAP 40(c)(1).
 

 CONCLUSION
 

 We grant rehearing for the limited purpose of clarifying our earlier opinion with respect to the applicable burdens of production and proof pursuant to NRS 90.690(2). We conclude that appellants met their burden of producing evidence indicating entitlement to an exemption pursuant to NRS 90.530(1 l)(c) on all counts save counts III, VI, VIII and IX. We further conclude that the State failed to prove beyond a reasonable doubt that commissions were paid on any sales alleged in the amended indictment other than those alleged in counts III, VI, VIII and IX. Accordingly, we reaffirm our previous reversal of the convictions for the remaining seventeen counts. We decline to grant rehearing on the State’s remaining allegation. Consistent with our earlier opinion, we remand this case to the district court for further proceedings.
 

 [1]
 

 The State has petitioned for leave to allow an interested organization, North American Securities Administrators Association, Inc., to file an amicus brief in support of the State’s rehearing petition. Cause appearing, we grant the motion for leave to file the proposed amicus curiae brief.
 
 See
 
 NRAP 29. The clerk of this court shall forthwith file the previously received brief.
 

 [2]
 

 Our opinion mistakenly identified Joel McVickers as the payee of the commissions in question; however, the evidence at trial actually showed that the commissions were paid to Greg McVickers.
 

 [3]
 

 In 1987, the Nevada Legislature adopted the Uniform Securities Act of 1985 with certain revisions inapplicable here.
 
 See
 
 1987 Nev. Stat., ch. 794, §§ 1-77, at 2149-91. The Uniform Securities Act of 1985 was patterned after the Uniform Securities Act of 1956, which itself is patterned after the federal Securities Act of 1933.
 
 See
 
 Uniform Securities Act (1985) §§ 101-807 (amended 1988), 7B U.L.A. 155 (Supp. 2000); Uniform Securities Act (1956) §§ 101-419 (amended 1958), 7B U.L.A. 509 (1985); Securities Act of 1933, ch. 38, 48 Stat. 74 (codified as amended at 15 U.S.C. §§ 77a-77aa (1994)).
 

 Pursuant to NRS 90.860, Nevada’s Uniform Securities Act “must be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it and to coordinate the interpretation and administration of this chapter with the related federal laws and regulations.”
 

 [4]
 

 The State does not contend that appellants failed to meet their burden of production on the remaining conditions listed at NRS 90.530(1 l)(a), (b) and (d). Indeed, the State conceded below that the only issue with respect to the
 
 *910
 
 elements of the limited/small offering exemption was whether the respective defenses had produced sufficient evidence showing that no commissions were paid in conjunction with the sales in question.